NO. 07-08-0137-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 22, 2009
_____

AURORA PETROLEUM, INC., DOROTHY L. MOORE,
JANNITA WILLIAMS, JIMMY D. EDMONDS
AND LINDA G. EDMONDS, APPELLANTS

V.

RONALD T. NEWTON AND WIFE ANGELA NEWTON, APPELLEES
_____

FROM THE 46TH DISTRICT COURT OF HARDEMAN COUNTY;

NO. 10269; HONORABLE DAN MIKE BIRD, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**OPINION**

Appellants, Aurora Petroleum, Inc., Dorothy L. Moore, Jannita Williams, Jimmy D. Edmonds, and Linda G. Edmonds, collectively Aurora, appeal a final judgment denying them any relief and ordering that they pay attorney's fees to appellees, Ronald Newton and wife, Angela Newton. By two issues, Aurora contends that the trial court committed reversible error in entering its conclusions of law that resulted in a take nothing judgment

being entered against it. Additionally, Aurora contends that the trial court erred in awarding attorney's fees to Newton. We will affirm the trial court's judgment.

## Factual and Procedural Background

This is an appeal that revolves around a 99.997 acre tract of land in Hardeman County, Texas. The title history to this tract of land was stipulated to by the parties prior to a trial to the court and reflects that Newton owns all of the surface rights to the entire tract, along with an undivided one-fourth (1/4) interest in the minerals and they hold the executive rights to the entire tract. Appellants, Dorothy Moore, Jannita Williams, and Jimmy Edmonds and wife, Linda G. Edmonds, each own an undivided one-fourth (1/4) interest in the minerals. Each of these mineral interest owners' mineral interest are subject to a reversionary interest that will revert to the fee owner in the future unless the interest is secured by production of oil, gas, or other minerals. Appellant, Aurora Petroleum, Inc., sought to lease the 99.997 acre tract from Newton for the purpose of oil and gas development. Newton refused to lease the tract. Subsequently, Aurora Petroleum, Inc., negotiated leases with all of the other mineral interest owners. Eventually, after Newton refused to enter into a lease agreement with Aurora Petroleum, Inc., a lawsuit was filed by Aurora Petroleum, Inc. on behalf of all appellants seeking to force Newton to enter into a lease for oil and gas exploration on the subject property.

At the time of trial, Aurora's first amended petition sought a declaratory judgment that Newton, as the holder of the executive rights, owed a duty to lease the property in question and that, by refusing to lease the property, Newton had breached the duty owed

2

to the other owners of the mineral interest in question. Additionally, the petition requested that the trial court declare that, as a result of Newton's breach of the fiduciary duty owed to the other owners of the mineral interest, the executive rights to lease the property in question would be divested from Newton and vested in the other mineral interest owners. Finally, the petition requested the award of attorney's fees.

The trial court entered a take nothing judgment as to Aurora's first amended original petition. Subsequently, the trial court entered findings of fact and conclusions of law. Some of the trial court's conclusions of law are the subject of Aurora's appeal.[1] Specifically, by its first issue, Aurora contends that the trial court erred in the following conclusions of law:

1. No duty to develop was created by deed.

2. A fiduciary duty could exist between Newton and other mineral interest owners if Newton executed a mineral lease.

3. Newton did not execute a mineral lease.

---

[1] The following are all of the trial court's conclusions of law:

1. Newton holds exclusive executive rights to the mineral estate.
2. The right was created by deed.
3. No duty to develop was created by the deed.
4. A fiduciary duty could exist between Newton and the other mineral interest owners if Newton executed a mineral lease.
5. Newton did not execute a mineral lease.
6. Newton breached no fiduciary duty.
7. Because of the attempted coercion and the necessity of Newton defending the lawsuit, the Court found attorney's fees should be granted in favor of Newton.

4. Newton breached no fiduciary duty.

Aurora's second issue contends that the trial court erred in awarding attorney's fees to Newton.

## Fiduciary Duty

Aurora has not attacked the sufficiency of the evidence to support any of the findings of fact entered by the trial court. Accordingly, the only issue before us is the trial court's determination of the legal effect of those findings, the trial court's conclusions of law. In other words, Aurora presents purely a question of law for the Court to review, which we will review *de novo*. See El Paso Natural Gas Co. v. Minco Oil & Gas, Inc., 8 S.W.3d 309, 312 (Tex. 1999).

The right held by the holder of the executive right is the right to enter into oil and gas leases. See Schlitter v. Smith, 128 Tex. 628, 101 S.W.2d 543, 544 (1937). What is the duty that the holder of the executive right owes to the non-executive mineral right holders? Aurora suggests that the duty owed is a fiduciary duty arising out of the relationship between the two parties. Aurora argues that the trial court's conclusions of law are in error because they ignore the duty that Newton owes to non-executive mineral right holders. Aurora cites this Court to Manges v. Guerra and Hlavinka v. Hancock for the proposition that the duty owed by Newton, to the non-executive mineral right holders, includes the duty to enter into an oil and gas lease for the property on reasonable terms, should the opportunity arise. Manges v. Guerra, 673 S.W.2d 180 (Tex. 1984); Hlavinka v. Hancock,

116 S.W.3d 412, 418-19 (Tex.App.–Corpus Christi 2003, pet denied). However, Aurora has misread the facts of the Manges case and the holding of the Hlavinka case.

In Manges, the Texas Supreme Court was faced with a fact pattern where the holder of the executive rights leased the property to himself at terms, which the evidence showed, were more advantageous to Manges than to the other non-executive mineral right holders. Under those facts, the Texas Supreme Court did in fact find that Manges had breached a fiduciary duty to the non-executive mineral right holders. The duty, according to the Court, was the duty of the holder of the executive right to acquire for the non-executive mineral right holders every benefit that he exacts for himself. Manges, 673 S.W.2d at 183. In Manges, because of the facts of the case, this duty could only arise after the oil and gas lease had been entered into. In the case of Hlavinka, the Corpus Christi Court of Appeals differentiated between the fiduciary duty referred to by the Texas Supreme Court in Manges, the duty to acquire benefits for all right holders, and the duty to develop which arises upon the execution of an oil and gas lease. Hlavinka, 116 S.W.3d at 420.

The Texas Supreme Court has again spoken to the issue of the relationship between the holder of the executive right and the non-executive mineral right holder in the case of In re Bass. In re Bass, 113 S.W.3d 735, 743 (Tex. 2003). In Bass, the Texas Supreme Court stated that, "a duty to develop a mineral estate arises not from a fiduciary relationship, but from the implied covenant doctrine of contracts law in which courts read a duty to develop into an oil and gas lease when necessary to effectuate the parties intent." Id. The court went on to state, "Conversely, a fiduciary duty arises out of agency law

5

based upon a special relationship between the two parties." Id. A fiduciary duty and a duty to develop are two distinct duties that have developed under different legal theories. Id.

In applying the lessons of Bass to the case before this Court, we immediately recognize that, as in Bass, there is no existing oil and gas lease. Therefore, there can be no implied duty to develop from the executive right holder to the non-executive mineral right holder.[2] Further, since there is no implied covenant, the only duty that Newton owes to the non-executive mineral right holders is to acquire every benefit for the non-executive right holders that Newton would acquire for themselves. Since, Newton has not leased, and, therefore, has not acquired any benefit for themselves, they cannot have breached their duty to the non-executive mineral right holders. Id. at 745; see also Veterans Land Bd. v. Lesley, No. 11-07-00034-CV, 2009 WL 147042, at *10-*11 (Tex.App.–Eastland January 22, 2009, no pet. h.). Accordingly, Aurora's first issue is overruled.

## Attorney's Fees

Aurora next contends that, since the trial court entered a take nothing judgment against it, the provisions in section 37.009 of the Texas Civil Practice and Remedies Code do not apply and that, the trial court could not have relied upon those provisions to award

---

[2]Aurora couches the argument in terms of a duty to lease, which for purposes of this case is the same as the duty to develop.

attorney's fees.[3]  Thus, Aurora contends that the award of attorney's fees to Newton is not provided for and, therefore, in error.

Aurora's argument is grounded upon the assumption that a take nothing judgment is inappropriate in a declaratory judgment action.  However, section 37.003(b) of the Code states, "The declaration may be either affirmative or negative in form and effect, . . . ."  See § 37.003(b).  Aurora's first amended petition requested that the trial court declare that Newton owed the other mineral interest owners a duty to execute mineral leases.  Further, the trial court was requested to find that the refusal to execute the mineral leases was a breach of the duty owed.  By entering a take nothing judgment, the trial court found that Newton did not owe a duty to the other mineral interest owners to execute a mineral lease.  Therefore, Newton could not have breached the non-existing duty.  In this situation, the trial court's judgment was simply a denial of the relief requested in the first amended petition for a declaratory judgment and, contrary to Aurora's position, there is no fatal conflict between the judgment entered by the trial court and the Texas Civil Practice and Remedies Code.

Additionally, we note that section 37.009 provides that the trial court may award "reasonable and necessary attorney's fees as are equitable and just."  See § 37.009.  In this case, the trial court entered an unchallenged finding of fact that $4,500 was a reasonable attorney fee in this matter.  Since that finding has not been challenged by

---

[3] Section 37.009 of theTexas Civil Practice and Remedies Code governs the award of cost and attorney's fees.  Further reference to the Texas Civil Practice and Remedies Code will be by reference to "section ___" or "§ ___."

Aurora, it is binding on the appellate court unless the contrary is established as a matter of law or there is no evidence to support the finding. See McGalliard v. Kuhlmann, 722 S.W.2d 694, 696 (Tex. 1986). A review of the record reveals there is ample evidence to support the finding of fact that the reasonable and necessary attorney's fees were $4,500. Further, the trial court entered a conclusion of law that "because of the attempted coercion and the necessity of Newton defending the lawsuit, the Court found attorney's fees should be granted in favor of Newton." A review of the record reveals that there is evidence to support the trial court's conclusion of law. We cannot say that this conclusion of law is erroneous as a matter of law. See Texas Dep't of Pub. Safety v. Stockton, 53 S.W.3d 421, 423 (Tex.App.–San Antonio 2001, no pet.).

The award of attorney's fees in a declaratory judgment case is entrusted to the sound discretion of the trial court. See Bocquet v. Herring, 972 S.W.2d 19, 20 (Tex. 1998). The limitations on the award are that the fees must be reasonable, necessary, equitable, and just. Id. at 21. This fact finding was not challenged by Aurora and is supported in the record as is the court's conclusion of law. Accordingly, we overrule Aurora's issue regarding the award of attorney's fees.

Conclusion

Having overruled Aurora's issues, we affirm the judgment of the trial court.

Mackey K. Hancock
Justice

8