**Order issued April 2, 2019**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-18-00866-CV

_____

**JIMMIE DALE WHEELER, Appellant**

**V.**

**MTGLQ INVESTORS, L.P. AND NEW PENN FINANCIAL, LLC D/B/A SHELLPOINT MORTGAGE SERVICING, Appellees**

---

On Appeal from the 125th District Court
Harris County, Texas
Trial Court Case No. 2016-88326

---

## MEMORANDUM ORDER

Appellant, Jimmie Dale Wheeler, has filed a notice of appeal of the trial court's take-nothing judgment in his suit for breach of contract and declaratory and injunctive relief. Appellees, MTGLQ Investors, L.P. and New Penn Financial,

LLC, doing business as Shellpoint Mortgage Servicing (collectively, "MTGLQ"), have moved, in this Court, for reconsideration of the trial court's order setting a bond pending appeal. We grant the motion and vacate the trial court's order.

## Background

Wheeler filed suit against MTGLQ "seek[ing] to stop the pending foreclosure of his homestead." He alleged that a pending foreclosure sale was "in breach of contract" and the four-year statute of limitations prevented MTGLQ from "enforc[ing] the lien and power of sale in the Deed of Trust." Wheeler sought temporary injunctive relief "blocking all aspects of the foreclosure process during the pendency of [the] case," and a declaratory judgment that "the lien and power of sale in the Deed of Trust have expired" and "MTGLQ has no legal interest in the property." Wheeler also requested "his costs and reasonable and necessary attorney['s] fees under Section 37.009" of the Texas Civil Practice and Remedies Code.

MTGLQ moved for traditional summary judgment on the basis that limitations did not bar enforcement of the lien on Wheeler's property or sale of the property, and no-evidence summary judgment on Wheeler's breach of contract claim. And, Wheeler moved for summary judgment on the basis that "the lien against his homestead [had] expired as a matter of law." The trial court signed a final judgment denying Wheeler's motion, granting MTGLQ's traditional and

no-evidence summary judgment motions, and awarding MTGLQ "a take nothing judgment on the affirmative claims for relief" Wheeler asserted against MTGLQ.

Wheeler moved for rehearing and a new trial. After the trial court denied Wheeler's motion, MTGLQ "intended to foreclose its lien and sell the property." Wheeler then filed his emergency motion to set a bond for a stay pending appeal. The trial court granted the motion and ordered a bond set "in the amount of $ 2500.00 per month to be paid to the Clerk during the pendency of the appeal of this case."[1] The trial court further ordered that "[u]pon the first payment in at least that amount [MTGLQ] and [its] assigns are immediately prohibited from taking any action to advance the foreclosure of the property, or if that has already happened, any action to advance the eviction process against any of the occupants of the property." MTGLQ has filed, in this Court, its motion for reconsideration of the trial court's order granting Wheeler's motion to set a bond. *See* TEX. R. APP. P. 24.4(a).

## Discussion

In its motion for reconsideration, MTGLQ contends that the trial court erred in allowing Wheeler to supersede the judgment because he is not a judgment debtor and the trial court "did not award [MTGLQ] a monetary judgment, a

---

[1] Wheeler subsequently filed a verified motion to reduce the amount of the bond. According to Wheeler's brief of appellant, the trial court granted that motion on January 25, 2019.

property interest, or any other relief [MTGLQ] could enforce." In response, Wheeler contends that the trial court's judgment involves "the loss of his property right" and MTGLQ is "in the position of judgment creditor and he is in the position of judgment debtor." He asserts that a supersedeas bond is "always available as a matter of law in eviction cases," a judgment may be stayed pending appeal when an appeal is perfected, and the trial court's order is one for the recovery of an interest in real property and could be superseded under Texas Rule of Appellate Procedure 24.2(a)(2)(A). (Emphasis omitted.)

Under rule 24.2, a judgment debtor may supersede the execution of a judgment by filing sufficient security. *See* TEX. R. APP. P. 24.1(a)(2)–(4), 24.2. This Court may review (1) the sufficiency or excessiveness of the amount of security, (2) the sureties on a bond, (3) the type of security, (4) the determination whether to permit suspension of enforcement, and (5) the trial court's exercise of discretion in ordering the amount and type of security. *See id.* 24.4(a). We may require that the amount of a bond be increased or decreased, another bond be provided and approved by the trial court clerk, or other changes in the trial court's order. *See id.* 24.4(d). We review the trial court's ruling on post-judgment security for an abuse of discretion. *See In re Longview Energy Co.*, 464 S.W.3d 353, 358 (Tex. 2015) (orig. proceeding); *Eagle Oil & Gas Co. v. Shale Expl., LLC*, 510 S.W.3d 92, 94 (Tex. App.—Houston [1st Dist.] 2016, order). A trial court abuses

its discretion if the evidence is legally or factually insufficient to support its findings. *See In re Smith,* 192 S.W.3d 564, 570 (Tex. 2006); *Fuentes v. Zaragoza*, No. 01-16-00251-CV, 2016 WL 3023811, at *1 (Tex. App.—Houston [1st Dist.] May 26, 2016, no pet.) (mem. op.). To the extent the ruling turns on a question of law—such as the interpretation of the supersedeas statutes and rules—we review the ruling de novo. *Abdullatif v. Choudhri*, 536 S.W.3d 48, 51 (Tex. App.—Houston [14th Dist.] 2017, order [mand. denied]).

In determining what type of supersedeas is appropriate, we look to the final judgment to determine the type of recovery. *See El Caballero Ranch, Inc. v. Grace River Ranch, L.L.C.*, No. 04-16-00298-CV, 2016 WL 4444400, at *5 (Tex. App.—San Antonio Aug. 24, 2016, no pet.) (citing TEX. R. APP. P. 24.2(a)); *see also Abdullatif*, 536 S.W.3d at 51 ("The amount of security required depends on the type of judgment."). Rule 24(a)(2)(A), on which Wheeler relies, provides for supersedeas of a judgment "for the recovery of an interest in real . . . property." TEX. R. APP. P. 24.2(a)(2). The amount of security must be at least "the value of the property interest's rent or revenue." *Id.* 24.4(a)(2)(A).

In this case, the trial court rendered a take-nothing judgment against Wheeler. The judgment does not provide him any relief. *See McCuen v. Huey*, 255 S.W.3d 716, 733 (Tex. App.—Waco 2008, no pet.) (defining take-nothing judgment as judgment for defendant providing that plaintiff recover nothing in

damages or other relief) (quoting BLACK'S LAW DICTIONARY at 861)). Rather, the judgment denies his requested declaratory relief. *See Dick Matz Agency v. Storey*, 542 S.W.2d 116, 116 (Tex. 1976) (explaining take-nothing judgment in declaratory judgment suit meant only that declaration sought was denied); *Aurora Petroleum, Inc. v. Newton*, 287 S.W.3d 373, 377 (Tex. App.—Amarillo 2009, no pet.) (stating trial court's take-nothing judgment "was simply a denial of the relief requested" in declaratory judgment petition). The judgment was not a judgment for recovery of an interest in property and supersedeas under rule 24.2(a)(2) was not appropriate. *See Kaldis v. Aurora Loan Servs.*, 424 S.W.3d 729, 737–38 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (concluding take-nothing judgment in suit including claims for wrongful foreclosure, wrongful eviction, and "related declaratory relief" was not judgment for recovery of money or property and trial court did not err in declining to set security to supersede judgment); *Bradshaw v. Sikes*, No. 02-11-00169-CV, 2013 WL 978782, at *5 n.12 (Tex. App.—Fort Worth Mar. 14, 2013, pet. denied) (mem. op.) (noting trial court's take-nothing judgment left nothing, other than judgment for costs, to supersede as judgment "left [appellant] and the opposing parties in the same position they had been in prior to her lawsuit"); *cf. Abdullatif*, 536 S.W.3d at 54 (concluding declarations that appellee owned interests in partnership and limited liability company showed his recovery included interest in personal property and rule 24.2(a)(2) applied); *Orix Capital Mkts., LLC v. La*

6

*Villita Motor Inns, J.V.*, No. 04-09-00573-CV, 2010 WL 307885, at \*3 (Tex. App.—San Antonio Jan. 27, 2010, no pet.) (mem. op.) (concluding judgment declaring appellant was not rightful holder of note and principal balance on note was "primarily declaratory" and rule 24.2(a)(3) governed supersedeas).

Wheeler further asserts that, under the common law, his "notice of appeal should be sufficient to grant a stay" without the necessity of a bond. However, "[t]he filing of a notice of appeal does not suspend enforcement of the judgment." TEX. R. APP. P. 25.1(h). As the court explained in *Abdullatif*, "[r]ules 24 and 25 prescribe how enforcement of a judgment may be suspended, and they require more than a notice of appeal." 536 S.W.3d at 54; *see In re Gen. Motors Acceptance Corp.*, No. 13-08-474-CV, 2008 WL 4822227, at \*3 (Tex. App.—Corpus Christi–Edinburg Nov. 3, 2008, orig. proceeding) (mem. op.) ("Filing a notice of appeal alone . . . does not suspend enforcement of the judgment."). Wheeler's notice of appeal was not sufficient to grant a stay of the judgment without the necessity of a bond. *See Abdullatif*, 536 S.W.3d at 54.

Finally, Wheeler's reliance on Texas Rule of Civil Procedure 510.9 is misplaced. Rule 510.9 applies to an eviction case in which a party seeks "to recover possession of real property under Chapter 24 of the Texas Property Code." TEX. R. CIV. P. 510.1. Under rule 510.9, a party may appeal a justice court judgment in an eviction case by filing a bond with the justice court within five days

after the judgment is signed. TEX. R. CIV. P. 510.9(a); *see Praise Deliverance Church v. Jelinis, LLC*, 536 S.W.3d 849, 855 (Tex. App.—Houston [1st Dist.] 2017, pet. denied); *see also* TEX. PROP. CODE ANN. § 24.007 (governing security required to suspend enforcement of county court eviction judgment). This case is not an eviction case that arose in justice court. Rule 510.9 does not support supersedeas in this proceeding. *See* TEX. R. CIV. P. 510.1, 510.9.

We conclude that the trial court abused its discretion in granting Wheeler's motion to set a bond pending appeal, grant MTGLQ's motion for reconsideration of the order, and vacate the trial court's order granting Wheeler's motion to set bond pending appeal.

**PER CURIAM**

Panel consists of Justices Keyes, Lloyd, and Hightower.