COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| BARRY F. MILLER AND MARIA J. MILLER, | § | No. 08-10-00045-CV |
| | § | |
| Appellants, | § | Appeal from the |
| | § | |
| v. | § | 120th District Court |
| | § | |
| LANDAMERICA LAWYERS TITLE OF EL PASO, | § | of El Paso County, Texas |
| | § | (TC# 2007-2515) |
| Appellee. | § | |

**O P I N I O N**

Barry F. Miller and Maria J. Miller appeal a summary judgment granted to LandAmerica Lawyers Title of El Paso. In two issues for review, they urge that there are material fact issues regarding their action for negligent misrepresentation and regarding their action for deceptive trade practices. We affirm.

**Facts**

In 2006, the Millers purchased land in El Paso County, Texas on which to build a home. The closing on the land purchase took place at Lawyers Title, and as part of that process Lawyers Title provided the Millers with a title insurance policy. Lawyers Title also provided the Millers with a survey plat prepared by Andres E. Telles d/b/a Atcon Engineering and Surveying. The Millers initialed the survey at closing to indicate they had received a copy. The survey was done at the request of the Millers' builder, Bella Vista Custom Homes. Lawyers Title made no

1

independent statements regarding the survey or the easements reflected in it. The survey was not accurate. It showed a single 15-foot easement at the rear of the property, when in reality there were two easements, a 10-foot utility easement and a 20-foot drainage easement, totaling 30 feet of easements at the back of the property. The survey states on its face that it was done without the benefit of a title commitment. In contrast, Lawyers Title issued its commitment for title insurance policy on the property with exceptions from coverage for, among other things:

> Matters set forth on the subdivision plat, including but not limited to building set back lines, easements for public utilities, and easements for buried service wires, conduits etc., with the right to ingress and egress for service, shown on the recorded plat of said addition in Volume 80, Page 84, Real Property Records, El Paso County, Texas. Said easements being ten feet in width along the front of all of subject property; *and a drainage easement twenty feet in width along the rear and a utility easement ten feet in width along the rear of subject property.* (Emphasis added).

The Texas Residential Owner Policy of Title Insurance issued by Lawyers Title contained an exception to coverage in identical language. Thus, the Atcon survey conflicted with Lawyers Title's title commitment and insurance policy.

The Millers constructed a pool, deck and spa on the property, relying upon the Atcon survey in planning the layout. The pool deck actually encroached upon even the 15-foot erroneous easement, but that section was constructed so it could be cut off without damage to the remaining structures in the event an issue arose. The Millers also discovered a 48" pipe running through their backyard, the purpose of which was unknown to them, before they closed on the land. In 2007, Paseo Del Este Municipal District No. 10 of El Paso County sent the Millers notice that their pool area encroached on the 20-foot drainage easement, and demanded that the encroaching structures be removed. The Millers contacted their lender regarding this demand, and were then provided with a second survey plat which correctly showed the 10-foot utility and 20-foot drainage easements.

The Utility District filed suit against the Millers, the owner of their subdivision and their builder. Various actions and cross-actions were filed, including the Millers' causes of action against Lawyers Title for negligent misrepresentation and deceptive trade practices. Lawyers Title filed traditional motions for summary judgment on both causes of actions, arguing that it was not liable for negligent misrepresentation because:

1. it did not make any affirmative representations to the Millers about the survey;

2. it did not supply the Millers with false information because it did not prepare the survey;

3. the Millers had actually built their pool area so that it encroached on the 15-foot easement shown on the erroneous survey, and thus they did not use the survey for guidance;

4. the Millers did not reasonably rely on the survey because they discovered an underground pipeline but did not investigate it;

5. the commitment and the title policy accurately described the easements in contradiction to the easements as described in the survey;

6. there is a valid existing contract between Lawyers Title and the Millers, therefore negligent misrepresentation is not available as a cause of action; and

7. the terms and conditions of the title policy clearly except damages resulting from the utility and drainage easements.

As to deceptive trade practices, Lawyers Title argued it was not liable because:

1. it did not make representations about the survey;

2. the Millers did not request the survey for the purpose of building the pool;

3. the Millers had actually built their pool area so that it encroached on the 15-foot easement shown on the erroneous survey, and thus they did not use the survey for guidance;

4. the Millers did not reasonably rely on the survey because they discovered an underground pipeline when building the pool but did not investigate it;

3

5. Lawyers Title did not prepare the survey or incorporate the survey into the title policy and was not responsible under the Texas Business and Commerce Code § 17.506(a)(2).

The Millers responded that there were material issues precluding summary judgment because:

1. Lawyers Title made an affirmative representation when it requested and obtained an incorrect survey that it presented to the Millers at closing and which it incorporated by reference into the title policy;

2. negligent misrepresentation occurs when the defendant does not use reasonable care in obtaining or communicating information to the plaintiff and there is no requirement that the defendant create the misrepresentation;

3. the Millers specifically relied on the survey in building the pool area because the deck was constructed such that the encroaching section could be cut off without damage to the remaining structure;

4. it was a fact question whether the Millers' reliance on the survey was reasonable after they discovered the underground pipe.

In May 2009, the trial court entered its order granting LandAmerica Lawyers Title of El Paso its motion for summary judgment. Following a trial on the merits and rulings on various motions, settlement was reached on all claims except those between the Millers and Lawyers Title. This appeal follows.

## Standard of Review

The trial court's granting of summary judgment is reviewed by the appellate court *de novo.* We view all evidence in the light most favorable to the nonmovant, indulge every reasonable inference in nonmovant's favor and resolve doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex. 2005). A defendant who conclusively negates at least one of the essential elements of a cause of action is entitled to summary judgment. *Cathey v. Booth,* 900 S.W.2d 339, 341 (Tex. 1995).

## Negligent misrepresentation

The elements of a cause of action for negligent misrepresentation are:

1. defendant made a representation to the plaintiff in the course of defendant's business or in a transaction in which the defendant had an interest;

2. defendant supplied false information for the guidance of others;

3. defendant did not exercise reasonable care or competence in obtaining or communicating the information;

4. plaintiff justifiably relied on the representation;

5. defendant's negligent misrepresentation proximately caused the plaintiff's injury.

*McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests,* 991 S.W.2d 787, 791 (Tex. 1999). The tort of negligent misrepresentation frequently involves a defendant's statement that a contract exists, upon which plaintiff relies, only to later discover that the contract has been rejected or was never completed. Thus, negligent misrepresentation is a cause of action recognized in lieu of breach of contract and is not usually available where a contract was actually in force between the parties. *Airborne Freight Corp. v. C.R. Lee Enter., Inc.,* 847 S.W.2d 289, 295 (Tex.App.—El Paso 1992, writ denied). We note as a threshold matter that a valid contract of title insurance does exist between the Millers and Lawyers Title, and thus its application in lieu of a breach of contract claim is questionable for that reason. We need not reach this issue, however, as we believe the evidence conclusively established the lack of any misrepresentation by Lawyers Title regarding the survey or its depiction of the relevant easements.

Simply put, it is the Millers' position that the title company affirmatively misrepresented the extent and location of easements by delivering the incorrect survey to them during closing. They claim that the survey itself was the misrepresentation. They acknowledge that generally a title company does not have a duty to discover or disclose information, but argue that by providing the survey to the Millers at closing, Lawyers Title assumed responsibility for its

5

contents. *See First Title Co. of Waco v. Garrett,* 860 S.W.2d 74, 76 (Tex. 1993); *Cook Consultants, Inc. v. Larson,* 700 S.W.2d 231, 235 (Tex.App.—Dallas 1985, writ ref'd n.r.e.).

This argument fails. First, it does not account for the fact that Lawyers Title correctly described the easement in its own title commitment and insurance policy. The Millers urge that the contradictory easement descriptions do not establish the lack of misrepresentation, but rather serve to show that Lawyers Title did not use reasonable care in obtaining or communicating the survey information to the Millers. We disagree. If anyone did not show reasonable care when faced with contradictory information on the easements, it had to be the Millers. Indeed, Mr. Miller testified that he had never read the exceptions contained in the commitment and title policy, although there is no doubt he received them. We find that the title company made two, and only two representations regarding the easements at the rear of the Millers' property. Those representations were consistent with each other and they were correct, describing "a drainage easement twenty feet in width along the rear and a utility easement ten feet in width along the rear of subject property." Although the property closing did include a review of all title documents, lien documents, and the survey, the summary judgment evidence conclusively established that the title company did not order the survey, participate in preparing the survey, or otherwise vouch for its accuracy. We find that merely giving buyers a copy of a survey does not rise to the level of an affirmative misrepresentation, particularly where that survey is contracted by the representations actually made by Lawyers Title. We therefore find that an essential element of the negligent misrepresentation cause of action fails as a matter of law. The Millers' first issue on appeal is overruled.

**Deceptive trade practices**

The Millers' second issue on appeal urges that the trial court erred in granting summary judgment on their deceptive trade practice claim against Lawyers Title. For the same reasons set up above, we find that summary judgment was appropriate on this cause of action.

The elements of a claim under the Texas Deceptive Trade Practices Act are:

1. defendant engaged in an act or practice that violated section 17.46(b) of the Texas Business and Commerce Code;

2. plaintiff relied on the act or practice to his or her detriment;

3. defendant's act or practice was a producing cause of actual damages.

*Allstate Ins. Co. v. Watson,* 876 S.W.2d 145, 147 (Tex. 1994). Here, the only act or practice which could support the DTPA action is the delivery of the faulty survey. As discussed above, however, Lawyers Title did not prepare, request, incorporate or vouch for the survey, nor is there any evidence that it did anything to give that impression to the Millers. It simply gave the Millers a copy of the survey, prepared by Atcon at the request of Bella Vista Homes, as part of the closing process. Moreover, as previously discussed, Lawyers Title's undertakings twice set out the correct information about the easements, which contradicted those of the Atcon survey.[1] There was simply no misrepresentation upon which a DTPA action can be based. For this reason, we overrule the Millers' second issue on appeal.

**Conclusion**

The trial court's grant of summary judgment in favor of LandAmerica Lawyers Title of El Paso is affirmed.

---

[1] We note also that the Millers chose *not* to rely on Lawyers Title's representations regarding the easements. They did not even read them. Instead they relied upon the erroneous survey in planning their backyard construction. Thus the second element of a DTPA action is defeated under these facts, as well.

SUSAN LARSEN, Justice (Senior)

March 7, 2012

Before McClure, C.J., Larsen, J., (Senior), and Chew, C.J., (Senior)
Chew, C.J., (Senior), sitting by assignment
Larsen, J., (Senior) sitting by assignment