

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
|---|---|---|
| ALEX HERNANDEZ, | | No. 08-16-00290-CV |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| V. | | County Court at Law No. 3 |
| | § | |
| U.S. BANK TRUST N.A. AS | | of El Paso County, Texas |
| TRUSTEE FOR LSF8 MASTER | § | |
| PARTICIPATION TRUST, | | (TC# 2016CCV00265) |
| | § | |
| Appellee. | | |

## OPINION ON MOTION

Both parties have filed motions asking us to review the supersedeas order. *See* TEX.R.APP.P. 24.4. Appellant, Alex Hernandez, argues that the supersedeas amount should be reduced because it is excessive. In its motion, Appellee, U.S. Bank Trust N.A. as Trustee for LSF8 Master Participation Trust, maintains that the final summary judgment was not stayed because the supersedeas order was not rendered, and Hernandez did not make the first supersedeas payment, until more than ten days after the signing of the final summary judgment. Alternatively, U.S. Bank Trust asks us to increase the amount required to supersede the judgment. Finding that Hernandez did not timely supersede the judgment, we grant U.S. Bank Trust's motion, and deny as moot Hernandez's motion to reduce the amount required to supersede the judgment.

## FACTUAL SUMMARY

U.S. Bank Trust purchased the subject property at a non-judicial foreclosure sale on November 4, 2014. Under the security instrument executed by Ricardo and Sandra Medina, the mortgagor or anyone holding under him or her, is required to immediately surrender possession of the property to the purchaser at the foreclosure sale. Further, the security instrument provides that if the mortgagor or person holding under the mortgagor does not surrender possession, he is a tenant at sufferance and may be removed by writ of possession or other court proceeding. Hernandez remained in possession of the property pursuant to a three-month oral lease that he had with the Medinas. Hernandez has not paid any rent since December 2014, but he maintained at the hearing that his failure to pay the rent was because U.S. Bank would not accept it.

U.S. Bank Trust sent Hernandez a notice to vacate the property on November 3, 2015. When Hernandez failed to vacate, U.S. Bank Trust filed a forcible detainer suit in the justice court. A jury awarded possession to U.S. Bank Trust, and the justice court entered judgment in U.S. Bank Trust's favor. Hernandez appealed to the county court at law. On May 11, 2016, U.S. Bank Trust filed a motion for the trial court to require Hernandez to make use and occupancy payments into the registry of the court during the pendency of the case. Following a hearing, the trial court granted the motion and required Hernandez to pay $800 per month into the court's registry. Hernandez attempted to appeal the order, but the appeal was dismissed for lack of jurisdiction. *Hernandez v. U.S. Bank, N.A.*, No. 08-16-00218-CV, 2016 WL 4801601 (Tex.App.--El Paso September 14, 2016, no pet.)(mem. op.). On September 23, 2016, the trial court granted summary judgment in favor of U.S. Bank Trust and awarded it possession of the property. Hernandez did not immediately file a notice of appeal, but on September 26, 2016, he filed a motion asking the trial court to determine the amount of the supersedeas bond. The

following day, the trial court set Hernandez's motion for hearing on October 7, 2016. Following the hearing, the trial court determined that the fair rental value is $800 a month, or $9,600 per year, and the annual property taxes are approximately $8,155. Based on these values, the trial court set the supersedeas amount at $1,480 per month. Hernandez subsequently filed notice of appeal.

## REVIEW OF SUPERSEDEAS

Both of the parties have filed motions asking that we review the trial court's supersedeas order. Hernandez argues that the supersedeas amount is excessive and he requests that we reduce the amount required to supersede the judgment to $700 per month. U.S. Bank Trust contends that Hernandez failed to timely pay the supersedeas amount into the court's registry, and therefore, the summary judgment has not been stayed. Alternatively, it argues that the amount required to supersede the judgment is insufficient and should be increased.

*Standard of Review and Applicable Law*

As a general rule, a judgment debtor is entitled to supersede the judgment while pursuing an appeal. *Miga v. Jensen*, 299 S.W.3d 98, 100 (Tex. 2009). When the judgment is for the recovery of an interest in real property, the trial court determines the type of security that the judgment debtor must post, and the amount of security must be at least the value of the property interest's rent or revenue. TEX.R.APP.P. 24.2(a)(2). An appellate court is authorized to review the sufficiency or excessiveness of the amount of security. TEX.R.APP.P. 24.4(a)(1). We may require that the amount of a bond be increased or decreased and that another bond be provided and approved by the trial court clerk. TEX.R.APP.P. 24.4(d).

A trial judge is given broad discretion in determining the amount and type of security required. *Miller v. Kennedy & Minshew, P.C.*, 80 S.W.3d 161, 164 (Tex.App.--Fort Worth 2002,

no pet.). Consequently, our review of the trial court's ruling is under the abuse of discretion standard. *EnviroPower, L.L.C. v. Bear, Stearns & Co., Inc.*, 265 S.W.3d 1, 2 (Tex.App.-- Houston [1st Dist.] 2008, pet. denied); *TransAmerican Natural Gas Corporation v. Finkelstein*, 905 S.W.2d 412, 414 (Tex.App.--San Antonio 1995, pet. dism'd). A trial court abuses its discretion when it renders an arbitrary and unreasonable decision lacking support in the facts or circumstances of the case, or when it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles. *Samlowski v. Wooten*, 332 S.W.3d 404, 410 (Tex. 2011).

Section 24.007 of the Texas Property Code provides further guidance for the trial court's exercise of discretion in setting the supersedeas bond when a party is appealing a final judgment of a county court in an eviction suit:

> A final judgment of a county court in an eviction suit may not be appealed on the issue of possession unless the premises in question are being used for residential purposes only. A judgment of a county court may not under any circumstances be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court. In setting the supersedeas bond the county court shall provide protection for the appellee to the same extent as in any other appeal, taking into consideration the value of rents likely to accrue during appeal, damages which may occur as a result of the stay during appeal, and other damages or amounts as the court may deem appropriate.

TEX.PROP.CODE ANN. § 24.007 (West Supp. 2016).

*Supersedeas Order and Payment Untimely*

The first issue we must consider is whether the trial court's supersedeas order and Hernandez's monthly payments are effective to stay the summary judgment awarding U.S. Bank Trust possession of the property. A forcible detainer action is intended to be a summary, speedy, and inexpensive remedy. *Mekeel v. U.S. Bank National Association*, 355 S.W.3d 349, 352 (Tex.App.--El Paso 2011, pet. dism'd). For that reason, Section 24.007 expressly provides that:

"A judgment of a county court may not under any circumstances be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court." TEX.PROP.CODE ANN. § 24.007. The only issue in an action for forcible detainer is the right to actual possession of the premises, and the merits of title shall not be adjudicated. *See* TEX.R.CIV.P. 510.3(e); *Marshall v. Housing Authority of City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006); *Mekeel*, 355 S.W.3d at 352-53. If a supersedeas bond in the amount set by the trial court is not filed within ten days after the judgment awarding possession is signed, the judgment may be enforced and a writ of possession may be executed evicting the defendant from the premises in question. *See* TEX.PROP.CODE ANN. § 24.007; *Marshall*, 198 S.W.3d at 786.

The trial court signed the final summary judgment on September 23, 2016. Under Section 24.007, Hernandez was required to supersede the judgment no later than October 3, 2016. While Hernandez filed his motion to determine the supersedeas bond within that ten-day period, the trial court did not conduct the hearing or sign the order setting the supersedeas amount until October 7, 2016, fourteen days after the summary judgment was signed. There is no evidence in the record showing that Hernandez sought to have his motion heard earlier. In fact, at the hearing, the trial court raised the issue whether the supersedeas order was timely under Section 24.007, and Hernandez argued that he was only required to file his motion within the ten-day period. Hernandez did not make the first supersedeas payment until October 17, 2016.[1] We conclude that the trial court's supersedeas order, and Hernandez's payments under that order, are ineffective to stay the judgment. *See Guillen v. U.S. Bank, N.A.*, 494 S.W.3d 861, 865 (Tex.App.--Houston [14th Dist.] 2016, no pet.). U.S. Bank Trust may enforce the judgment

---

[1] The supersedeas order provided that the first supersedeas payment was due ten days from the date of the order.

awarding it possession. *See id.* Accordingly, we grant U.S. Bank Trust's motion to review the supersedeas order, and deny as moot Hernandez's motion to reduce the supersedeas amount.


February 17, 2017

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.