

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00089-CV

_____

MARLENE W. MITCHELL, Appellant

V.

WILMINGTON SAVINGS FUNDS SOCIETY, FSB, D/B/A CHRISTIANA TRUST AS OWNER TRUSTEE OF THE RESIDENTIAL CREDIT OPPORTUNITIES TRUST III, Appellee

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2017-005148-1

Before Sudderth, C.J.; Kerr and Pittman, JJ.
Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION
## ON MOTION FOR REVIEW OF SUPERSEDEAS ORDER

### I. Introduction

After pro se Appellant Marlene W. Mitchell's home was foreclosed upon, Appellee Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust as Owner Trustee of the Residential Credit Opportunities Trust III filed an eviction suit against her in November 2016. The eviction suit was not tried until August 2017 because Mitchell filed two bankruptcy cases in rapid succession and then removed the eviction case to federal court. The federal court granted Wilmington's motion to remand in June 2017, and on August 9, 2017, the justice court decreed that Wilmington was entitled to recover possession of the premises, and Mitchell appealed to the county court at law.

On February 5, 2018, the county court at law heard the case, rendered judgment of possession and for court costs to Wilmington, and set Mitchell's appeal bond at $10,000. Mitchell appealed the judgment of possession to this court, and on August 17, 2018, she filed her appellate brief in this court. We asked her to file a corrected brief by August 30, 2018, and she did so.

Wilmington, which was copied on our corrected brief request to Mitchell, filed a motion to increase the supersedeas bond on August 29, 2018, arguing that the trial court should require an additional $10,000 cash bond to protect Wilmington's interest in the property.

On September 10, 2018, Mitchell responded to Wilmington's motion but did not raise any change in her financial circumstances; the trial court heard the motion the next day, increased the appeal bond from its initial amount of $10,000 to $15,000, and gave Mitchell ten days to post it.

Several days later, on September 19, 2018, Mitchell attempted to file a "writ of mandamus" in this court, complaining that on September 11, 2018, the county court had demanded an increase of $5,000 to keep her supersedeas bond in effect "in violation of Texas Business & Commerce Code, 'UCC' and several USC statutes and public policy," among other complaints. As Mitchell's appeal remains pending in this court, we construed her petition for writ of mandamus as a motion to review the trial court's supersedeas order under rule of appellate procedure 24.4. *See* Tex. R. App. P. 24.4. We affirm the trial court's order.

## II. Suspension of Judgment Pending Appeal

### A. Applicable Law

Under property code section 24.007, in pertinent part,

A judgment of a county court may not under any circumstances be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court. In setting the supersedeas bond the county court shall provide protection for the appellee to the same extent as in any other appeal, taking into consideration the value of rents likely to accrue during appeal, damages which may occur as a result of the stay during appeal, and other damages or amounts as the court may deem appropriate.

Tex. Prop. Code Ann. § 24.007 (West Supp. 2017).

3

Under rule of appellate procedure 24.3, the trial court has continuing jurisdiction, if circumstances change, to modify the amount or type of security required to continue the suspension of a judgment's execution. Tex. R. App. P. 24.3(a)(2). A party may then seek review of the trial court's ruling by motion in the court of appeals, which may review—as pertinent here—the sufficiency or excessiveness of the amount of security and the trial court's exercise of discretion under rule 24.3(a). Tex. R. App. P. 24.4(a). Review may be based both on conditions as they existed at the time the trial court signed an order and on changes in those conditions afterward, and the court may issue any temporary orders necessary to preserve the parties' rights. Tex. R. App. P. 24.4(b)–(c). The motion must be heard at the earliest practicable time. Tex. R. App. P. 24.4(d). The amount of security involved in the recovery of an interest in real property must be at least the value of the real property interest's rent or revenue. Tex. R. App. P. 24.2(a)(2)(A).

The trial court is given broad discretion in determining the amount of security required. *See Hernandez v. U.S. Bank Tr. N.A. for LSF8 Master Participation Tr.*, 527 S.W.3d 307, 309 (Tex. App.—El Paso 2017, no pet.) (citing *Miller v. Kennedy & Minshew, P.C.*, 80 S.W.3d 161, 164 (Tex. App.—Fort Worth 2002, no pet.)). A trial court abuses its discretion if the court acts without reference to any guiding rules or principles, that is, if the act is arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). An appellate court cannot conclude that a trial court abused its discretion merely because the

4

appellate court would have ruled differently in the same circumstances. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995); *see also Low*, 221 S.W.3d at 620. An abuse of discretion does not occur when the trial court bases its decision on conflicting evidence and some evidence of substantive and probative character supports its decision. *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009); *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002) (op. on reh'g).

## B. Evidence

To her petition for writ of mandamus, Mitchell attached a copy of the order increasing the supersedeas bond, among other documents. She also filed a copy of her statement of inability to afford payment of court costs or an appeal bond.

### 1. September 11, 2018 Order

The county court's September 11, 2018 order reflects that Wilmington filed a motion to increase the supersedeas bond and that the court, having considered the motion, the court's file, any response, and the arguments of counsel and parties, granted the motion and ordered the original February 5, 2018 bond amount increased from $10,000 to $15,000, due within 10 days, "and in cash only."

### 2. Trial Record

We also reviewed the record of the trial court's decision to set the original bond at $10,000. During the trial court proceedings on February 2, 2018, the trial court explained that for setting the supersedeas bond for a residential property, it would take testimony about the property's monthly rental value and then bond it from six to

5

twelve times the monthly rental. Then, if the appeal "drags on too long, the owner can come and ask for more money."

After rendering judgment as a matter of law on the question of possession in this forcible detainer action and awarding to Wilmington both possession and court costs, the trial court heard testimony with regard to the supersedeas bond amount.

Mitchell testified that the monthly payment on the home had been "$1,280 years ago" and that $125,000 was "the best offer that anybody has been able to give [her]." Wilmington's witness, a licensed realtor, testified that the fair rental value based on the neighborhood would be $2,250 to $2,500 a month and that "[i]f someone is offering $125, I would buy it for $135." The trial court pulled up the Tarrant County Appraisal District's estimate of $362,000, which Mitchell decried as "ridiculous." The trial court considered the range of $125,000 to $360,000 to reach a value of $225,000,[1] and the realtor further testified that the house was over 4,000 square feet and would rent for "probably close to $2,000 a month," to which Mitchell added, "the stove only has one burner that works."

The trial court opted to set the bond at "$10,000 cash or corporate" and signed the judgment on February 5, 2018, which would have covered five months of rent at

---

[1]($360,000 + $125,000)/2 would have been $242,500. The property was purchased at foreclosure for $255,945.41. The judicial foreclosure judgment reflected that Mitchell had owed "at least $248,704.52 as of August 2015" when she defaulted on her loan.

6

$2,000 per month. Mitchell did not file a motion to review that supersedeas ruling. *Cf.* Tex. R. App. P. 24.4(a).

### 3. Post Trial Proceedings

On February 12, 2018, the court clerk issued a certificate of cash deposit in lieu of supersedeas bond, reflecting that Mitchell had deposited $10,000 in lieu of a supersedeas bond. Before depositing the cash bond, however, Mitchell purported to file a supersedeas bond of $10,000 on February 8, 2018, via her "Personal UCC Contract Trust Account . . . established with the Department of the Treasury." She also tried to offer a handwritten $800,000 promissory note into the court's registry.

Mitchell received two extensions of time from this court to file her appellant's brief. She received an additional ten days when we requested that she correct her brief to comply with the applicable rules of appellate procedure.

## C. Analysis

Seven months passed before the trial court increased the bond, essentially reducing the amount of monthly rent over those seven months to $1,428.57, or only $148.57 more than Mitchell had admitted to paying per month at some point "years ago" and prior to the foreclosure. To her response to Wilmington's motion, Mitchell did not attach any evidence to show a change in circumstances that might warrant a reduction in the amount of the bond. Based on the record before us, we cannot say that the trial court abused its discretion by granting Wilmington's motion in part and increasing the amount of bond by $5,000 (rather than the additional $10,000

7

requested by Wilmington).  Therefore, we overrule Mitchell's complaint and affirm the trial court's order requiring an additional $5,000 supersedeas bond.

### III.  Conclusion

Having construed Mitchell's "writ" as a motion for review, we affirm the trial court's order requiring the posting of an additional $5,000 bond.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered:  September 27, 2018