

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ALEJANDRO HERNANDEZ, | § | No. 08-21-00158-CV |
| Appellant, | § | Appeal from the |
| v. | § | 34th Judicial District Court |
| VICTOR VAZQUEZ, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 2017-DCV0755) |

## **O P I N I O N**

Appellant, a prospective home buyer, sued Appellee, the homeowner's listing agent, for failing to forward his offers to purchase to the homeowner.[1] The trial court granted no-evidence summary judgment. Appellant urges summary judgment was improper. We affirm the trial court's judgment.

---

[1] This is another in a long line of appeals arising out of Hernandez's eviction. *See Hernandez v. U.S. Bank Trust N.A.*, No. 08-16-00218-CV, 2016 WL 4801601 (Tex. App.—El Paso Sept. 14, 2016, no pet.) (mem. op.) (attempted appeal of supersedeas order); *Hernandez v. U.S. Bank Trust N.A.*, 527 S.W.3d 307 (Tex. App.—El Paso 2017, no pet.) (opinion on motions regarding supersedeas); *Hernandez v. U.S. Bank Trust NA*, No. 08-16-00290-CV, 2017 WL 1953291 (Tex. App.—El Paso May 11, 2017, no pet.) (mem. op.) (appeal of judgment granting possession of the property to U.S. Bank Trust); *Hernandez v. Sommers*, No. 08-18-00045-CV, 2018 WL 1940362 (Tex. App.—El Paso Apr. 25, 2018, no pet.) (mem. op.) (resolving motions to dismiss for want of jurisdiction); *Hernandez v. Hernandez*, 547 S.W.3d 898 (Tex. App.—El Paso 2018, pet. denied) (appeal from order denying reentry alleging unlawful eviction by new property owners); *Hernandez v. Sommers*, 587 S.W.3d 461 (Tex. App.—El Paso 2019, pet. denied) (constable who executed valid writ of possession against tenants of foreclosed property was entitled to official immunity); *Hernandez v. Hernandez*, 596 S.W.3d 403 (Tex. App.—El Paso 2020, no pet.) (appeal of bill of review claiming tenant prevented from fully asserting his wrongful eviction claim in prior lawsuit); *Hernandez v. Hernandez*, 632 S.W.3d 92 (Tex. App.—El Paso 2020, no pet.) (appeal of summary judgment dismissing wrongful-removal claim); *Hernandez v. Vazquez*, No. 08-18-00223-CV, 2020 WL 6867065 (Tex. App.—El Paso Nov. 23, 2020, no pet.) (mem. op.) (dismissal for want of jurisdiction).

**FACTUAL AND PROCEDURAL BACKGROUND**

Appellant, Alejandro Hernandez, was renting a home that was foreclosed. After discovering the home had been foreclosed, Hernandez made attempts to purchase the home through the new owner's listing agent, Victor Vazquez, Appellee. Hernandez claims he made several verbal offers to purchase the home, but Vazquez never submitted the offers to the new owner. Hernandez asserts Vazquez misrepresented to him that the offers had not been accepted when, in fact, Vazquez had never forwarded them. Hernandez contends because of Appellee's failure to forward the offers, he was deprived of the opportunity to purchase the property, evicted, and he incurred significant relocation expenses.

Hernandez sued for negligence, negligence per se, common-law fraud, negligent misrepresentation, and exemplary damages. About a year later, Vazquez moved for no-evidence summary judgment. After a hearing, the trial court granted Vazquez's motion, stating "Victor Vazquez's No Evidence Summary Judgment is hereby GRANTED."

In the summary judgment order, the trial court deferred ruling on Vazquez's request for attorney's fees and Hernandez appealed. This court dismissed the appeal for lack of jurisdiction because the trial court's order was not final, having not resolved the claim for attorney's fees. *See Hernandez v. Vazquez*, No. 08-18-00223-CV, 2020 WL 6867065 (Tex. App.—El Paso Nov. 23, 2020, no pet.) (mem. op.). On remand, the trial court entered a final judgment disposing of the attorney's fees issue and incorporating the previous no-evidence summary judgment order. Hernandez appeals from that final judgment.

**STANDARD OF REVIEW**

An appellate court reviews a trial court's granting of summary judgment de novo. *Herrera v. Resignato*, 621 S.W.3d 835, 840 (Tex. App.—El Paso 2021, no pet.) (citing *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013)).

Vazquez moved for summary judgment against all Hernandez's claims on no-evidence grounds. In a no-evidence motion, the movant claims the non-movant lacks any evidence on one or more of the elements essential to its cause of action, and summary judgment is proper when the non-movant fails to produce sufficient evidence to raise an issue of fact on each element challenged on which it has the burden of proof. *Herrera*, 621 S.W.3d at 841 (citing TEX. R. CIV. P. 166a(i) and *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (per curiam)). When the nonmovant offers more than a scintilla of probative evidence in support of the challenged elements, a fact issue is presented. *Herrera*, 621 S.W.3d at 841 (citing *King Ranch v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003)). A nonmovant is not required to present all their proof in response to a no-evidence motion, but they must present countervailing evidence that raises a genuine issue of material fact on the challenged elements. *Herrera*, 621 S.W.3d at 840 (citing *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002).

## DISCUSSION

Hernandez, who is pro se, complains in one issue that the trial court abused its discretion in granting a no-evidence summary judgment. Hernandez contends Vazquez improperly attached evidence to his no-evidence motion, to which he objected, and he raises objections to that evidence again on appeal. Because Vazquez styled his motion as a no-evidence motion and the court granted a no-evidence summary judgment, we will review the trial court's judgment as a no-evidence determination, not considering Vazquez's evidence unless it creates a fact question. *See Binur v. Jacobo*, 135 S.W.3d 646, 651 (Tex. 2004).

Many of Hernandez's arguments in response to the motion for summary judgment are that the motion fails to specifically challenge the evidentiary support for an element of his claims, alleging the motion in large part is conclusory and legally insufficient as a matter of law. He relies on *Callaghan Ranch, Ltd. v. Killam*, 53 S.W.3d 1, 3 (Tex. App.—San Antonio 2000, pet. denied), for the proposition that conclusory motions or general no-evidence challenges are legally

3

insufficient as a matter of law. *Callaghan* does make those statements, but it goes on to quote the motion in question, which made a very broad allegation that the plaintiffs could not demonstrate any evidence to support the declaratory judgment previously granted. *Id.* That motion did not state the elements of the underlying causes of action of which there was no evidence. *Id.* at 4. The *Callaghan* court found that motion to be insufficient as a matter of law. *Id.*

Although Rule 166a(i) provides the authority for filing a no-evidence motion for summary judgment, it does not give a format practitioners should follow when drafting one. *See* TEX. R. CIV. P. 166a(i). One of our sister courts has opined on the format of a proper no-evidence motion.

> A litigant may base a motion for summary judgment on the assertion that there is no evidence of one or more essential elements of the opposing party's claim or defense. The movant need not present any summary judgment evidence to support the ground. The specification of each element challenged and the good faith assertion that there is no evidence to support that specified element is all that is required to put the burden on the opposing party to produce summary judgment evidence raising a genuine issue of material fact relevant to the challenged element. TEX. R. CIV. P. 166a(i).

*Welch v. Coca-Cola Enters., Inc.*, 36 S.W.3d 532, 537 (Tex. App.—Tyler 2000, pet. withdrawn).

Hernandez asks us to apply the *Callaghan* reasoning, which in that case was applied to the analysis of a very broad, insufficient motion, to a very specific, detailed motion in the case at hand. Unlike the motion in *Callaghan*, Vazquez's motion lists the elements of every one of Hernandez's causes of action and alleges Hernandez cannot produce any evidence of any of those elements. In addition, Vazquez's motion gives supporting case law and references Hernandez's factual allegations. Vazquez's motion meets the requirements of Rule 166a(i) as stated in *Welch*. The *Callaghan* holding does not apply because Vazquez's motion is not the conclusory, general challenge that was present in *Callaghan*.

We hold Vazquez's motion meets the requirements of Rule 166a(i).

With that in mind, we analyze Hernandez's response to the summary judgment motion to determine whether he has raised a fact issue as to any of his claims. *See Herrera*, 621 S.W.3d at 841.

## Negligence

With respect to Hernandez's negligence claim, Vazquez urged Hernandez could produce no evidence that he owed a duty to Hernandez or that he breached that duty. In addressing the issue of duty in his response, Hernandez presented his claim that a real estate agent owes a duty to "be faithful and observant to trust placed in the agent and that the agent be scrupulous and meticulous in performing the agent's function in any real estate transaction involving any member of the public, even if the agent has a principal agent relationship with another individual." Hernandez stated that he believes this duty arises from Chapter 531 of the Texas Administrative Code, the section of the administrative code that provides regulations governing the Texas Real Estate Commission. *See* 22 TEX. ADMIN. CODE pt. 23 ch. 531 (2017) (Texas Real Estate Comm'n, Canons of Professional Ethics and Conduct). When questioned in his deposition about Vazquez's duty to him,[2] Hernandez admitted that Vazquez was never acting as his real estate agent in this transaction. Hernandez cited section 531.1, Fidelity, which reads in part:

> A real estate broker or salesperson, while acting as an agent for another, is a fiduciary. Special obligations are imposed when such fiduciary relationships are created. They demand that the primary duty of the real estate agent is to represent the interests of the agent's client, and the agent's position, in this respect, should be clear to all parties concerned in a real estate transaction; that, however, the agent, in performing duties to the client, shall treat other parties to a transaction fairly (internal numbering omitted)[.]

22 TEX. ADMIN. CODE § 531.1 (2017) (Tex. Real Estate Comm'n, Canons of Pro. Ethics and Conduct), *repealed and recodified at § 531.2 by* 47 Tex. Reg. 1185, 1185 (2022), *adopted by* 47 Tex. Reg. 3049, 3049 (2022) (effective May 25, 2022). Hernandez stated although a real estate

---

[2] Hernandez attached his entire deposition transcript to his response to motion for summary judgment as exhibit 1.

agent may be acting as an agent for another person, "that does not mean that he can commit fraud and negligence with . . . a person that's making an offer to purchase real estate in a transaction." He stated: "[A]lthough there may not be an agent principal fiduciary duty, there is a fiduciary duty to the public, a member of the public that is involved in a real estate transaction . . . with somebody that he may be an agent for."

In a similar case, a buyer sought to impose liability on a seller for failure to disclose certain information during a sale. *Flutobo, Inc. v. Holloway*, 419 S.W.3d 622 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). The buyer alleged liability under two regulations under chapter 535, part 23, title 22 of the Texas Administrative Code, the same title and part Hernandez cites in his response. One of the two regulations was in a subchapter entitled "General Provisions Relating to the Requirements of Licensure," and the other was in a subchapter entitled "Suspension and Revocation of Licensure." *Id.* at 633. The *Flutobo* court noted there was legally insufficient evidence that the agent was acting as a salesperson in the transaction at issue, but went on to state,

> [E]ven if these regulations could be interpreted to cover her acts . . . , the parties have not cited and research has not revealed any cases addressing whether these regulations provide legal standards that apply in claims by private plaintiffs seeking monetary damages. . . . We decline to adopt the standards in these administrative regulations for use in determining the civil liability of litigants in damage claims.

*Id.* As stated above, Hernandez admitted Vazquez was not acting as his agent in his attempts to purchase the house. Hernandez has not produced, and we have not found cases imposing a duty forming the basis of a negligence claim on a real estate agent under these regulations. We decline to adopt the regulations found in the Canons of Professional Ethics and Conduct as the basis for a negligence claim by a potential party to a real estate transaction against a real estate agent for the other party to the transaction. Granting summary judgment on negligence was not error.

### Negligence Per Se

Hernandez's cause of action for negligence per se is also based on an alleged violation of Section 531.1 of the Canons of Ethics. *See* 22 TEX. ADMIN. CODE § 531.1. Vazquez moved for

summary judgment on this claim, stating Hernandez cannot show he belongs to the class that the statute or regulation is intended to protect. *See Perry v. S.N.*, 973 S.W.2d 301, 305 (Tex. 1998) ("The threshold questions in every negligence per se case are whether the plaintiff belongs to the class that the statute was intended to protect and whether the plaintiff's injury is of a type that the statute was designed to prevent.").

Hernandez did not respond to the negligence per se portion of the motion, and he did not present any argument regarding negligence per se in his brief. Hernandez has waived any error regarding the granting of summary judgment on his negligence per se claim. *See Fred Loya Ins. Agency, Inc. v. Cohen*, 446 S.W.3d 913, 918 (Tex. App.—El Paso 2014, pet. denied) (citing *Merriman*, 407 S.W.2d at 248).

**Common-Law Fraud**

As the basis for his fraud claim, Hernandez alleged Vazquez made a representation he would forward the offer for the purchase of the subject property and that he did not in fact forward the offer. Vazquez urged in his summary judgment motion Hernandez could not prove the making of this statement constituted a cause of action for fraud, alleging specifically Hernandez could not produce evidence of any of the elements of a common-law fraud claim as listed in *Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001).

Hernandez responded by claiming Vazquez's statement he had forwarded the offer and later admission he had not forwarded the offer satisfies the element of the first element of his fraud claim. Hernandez then argued the remainder of Vazquez's no-evidence points on the elements of fraud are general allegations that he had no evidence of the other elements of a fraud claim, and he avers the motion is legally insufficient regarding common-law fraud. He cited *Neurodiagnostic Tex, L.L.C., v. Pierce*, 506 S.W.3d 153, 177 (Tex. App.—Tyler 2016, no pet.), for the proposition that a no-evidence motion that does not specifically challenge a particular element or is conclusory

7

is legally insufficient. On that basis, Hernandez offered no more proof on the remaining elements of common-law fraud.

The relevant portion of *Neurodiagnostic* involved a no-evidence motion for breach of fiduciary duty that the Tyler court deemed to be insufficient. That motion listed no elements of breach of fiduciary duty and did not allege no evidence on any element of fiduciary duty at all; instead, it made a general allegation that there was no evidence of breach of fiduciary duty. *See Neurodiagnostic*, 506 S.W.3d at 177.

Hernandez confuses a no-evidence motion on no specific element of a claim with a no-evidence motion on ALL elements of a claim. Vazquez urged Hernandez could not produce evidence of any of the elements of his claim for fraud. Vazquez first listed each element of a fraud claim with a case citation, then recited the factual basis of Hernandez's claim from Hernandez's original complaint, then stated, listing each element, that Hernandez could not meet any of the elements. Finally, Vazquez stated the evidence conclusively establishes the opposite. We disagree with Hernandez and hold Vazquez's no-evidence motion regarding fraud is legally sufficient.

Hernandez failed to produce any evidence to controvert Vazquez's allegations that he had no evidence to establish the last three elements of the fraud claim. The court did not err in granting summary judgment on the issue of common-law fraud.

**Negligent Misrepresentation**

Hernandez's claim of negligent misrepresentation is based on the following behavior of Vazquez: failure to submit offers and counteroffers objectively and as quickly as possible, misleading the owner as to the market value of the property, and misleading Hernandez as to whether he submitted a bona fide offer to the owner.

As with the previous claim, Vazquez urged Hernandez cannot produce evidence on any of the elements of negligent misrepresentation. Again, Vazquez listed all the elements, with a case citation as a reference, and specifically stated that Hernandez failed to raise evidence as to any of

8

the elements. Then Vazquez specifically stated, with a separate statement for each, there is no evidence that meets each element. Vazquez stated:

> First, there is no evidence that Defendant Vazquez made any actionable representation to Plaintiff in the course of the transaction at issue.
>
> Second, there is no evidence that Defendant Vazquez supplied false information for the guidance of Plaintiff or any other relevant person.
>
> Third, there is no evidence that Defendant Vazquez failed to exercise reasonable care or competence in obtaining or communicating any allegedly false information.
>
> Fourth, there is no evidence that Plaintiff justifiably relied on any actionable representation by Defendant Vazquez.
>
> Fifth, there is no evidence that any actionable representation by Defendant Vazquez proximately caused any of the Plaintiff's alleged injuries.
>
> For these elements, Vazquez cited *Miller v. LandAmerica Lawyers Title of El Paso*, 362

S.W.3d 842, 845 (Tex. App.—El Paso 2012, no pet.).

Hernandez addressed only justifiable reliance in his response. As to the remainder of the elements, he again stated Vazquez's motion is conclusory and legally insufficient. Again, he relied on *Neurodiagnostic*, 506 S.W.3d at 177.

As with the previous claims, we conclude Vazquez's motion sufficient. Hernandez's response was insufficient to raise any evidence on all the elements of the negligent misrepresentation claim except justifiable reliance. Granting no-evidence summary judgment on negligent misrepresentation was not error.

### Exemplary Damages

Because we have decided Hernandez did not meet his burden of producing more than a scintilla of evidence on any of his causes of action, we do not need to address his claim for exemplary damages.

**CONCLUSION**

Hernandez did not preserve error as to his negligence per se claim. He did not present more than a scintilla of evidence regarding at least one element of the remainder of his causes of action. With no remaining viable causes of action, his claim for exemplary damages fails. The trial court did not err in granting no-evidence summary judgment on all Hernandez's claims. We affirm the judgment of the trial court.

SANDEE MARION, Chief Justice (Ret.)

November 8, 2022

Before Rodriguez, C.J., Alley, J., and Marion, C.J., (Ret.) sitting by assignment