# NO. 12-24-00153-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JACK FERGUSON,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW NO. 3* |
| *WACO INFINITY PROPERTIES, LTD.,*<br>*APPELLEE* | § | *MCLENNAN COUNTY, TEXAS* |

### MEMORANDUM OPINION
### PER CURIAM

Jack Ferguson, acting pro se, filed a notice of appeal from a judgment of possession in favor of Waco Infinity Properties, Ltd. (Infinity).[1]  The trial court signed the judgment on April 16, 2024, which set a supersedeas bond of $25,000, but on April 26, the trial court granted Infinity's motion to increase the bond amount and set bond at $61,630.  Ferguson filed his notice of appeal with the Tenth Court of Appeals on May 1 and on May 3, he filed a motion for emergency relief, in which he sought a stay of the writ of execution and a decreased bond amount.  On May 24, the appeal was transferred to this Court pursuant to a docket equalization order.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).  This Court subsequently overruled Ferguson's motion for emergency relief (1) because Ferguson did not file a supersedeas bond within ten days of April 16, and (2) because of the failure to timely file a bond, a writ of execution issued and Ferguson was no longer in possession of the premises.  *See* TEX. PROP. CODE ANN. § 24.007 (West 2023) ("A judgment of a county court may not under any circumstances be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court"); *see also **Marshall***

---

[1] A jury concluded that Infinity proved by a preponderance of the evidence that it is entitled to possession of the property.

***v. Hous. Auth. of City of San Antonio***, 198 S.W.3d 782, 786 (Tex. 2006) ("if a proper supersedeas bond is not filed, the judgment may be enforced, including issuance of a writ of possession evicting the tenant from the premises"); *see generally* ***Hernandez v. U.S. Bank Trust N.A. for LSF8 Master Participation Trust***, 527 S.W.3d 307, 310 (Tex. App.—El Paso 2017, no pet.) (denying as moot motion to reduce supersedeas amount where first supersedeas payment was untimely).

On July 26, Infinity filed a motion to dismiss this appeal on grounds that the appeal is moot because Ferguson vacated the property; thus, he no longer has possession of the property or a right to possession of the property. Although this Court requested a response to the motion, Ferguson failed to file said response.

In an eviction case, the court must adjudicate the right to actual possession and not title. TEX. R. CIV. P. 510.3(e); *see also* ***Marshall***, 198 S.W.3d at 785 ("only issue in a forcible detainer action is the right to actual possession of the premises"). Failure to supersede the judgment does not deprive a party of the right to appeal, but such a failure may render an appeal moot if a party loses possession of the property. ***Marshall***, 198 S.W.3d at 786-87; ***William v. Fed. Nat'l Mortg. Ass'n***, 349 S.W.3d 766, 768 (Tex. App.—Houston [14th Dist.] 2011, no pet.). The appeal may not be moot when (1) the appellant timely and clearly expresses an intent to appeal, and (2) appellate relief is "not futile; that is, so long as appellant held and asserted a potentially meritorious claim of right to current, actual possession of the [property]." ***Marshall***, 198 S.W.3d at 787.

Ferguson urged in the trial court that Infinity failed to comply with notice requirements. He reasserted this argument in his motion for emergency relief filed on appeal. This argument, standing alone, is not a "potentially meritorious claim of right to current, actual possession" that would save the appeal from being moot.[2] *See* ***Spencer v. Valdez***, No. 12-21-00228-CV, 2022 WL 2182230, at *2 (Tex. App.—Tyler June 16, 2022, pet. dism'd) (mem. op.) (appellant did not file supersedeas bond and was no longer in possession of property; argument that he did not receive proper statutory notice to vacate was not potentially meritorious claim of right to current,

---

[2] We also note that the record contains a notice to vacate, dated November 16, 2023, giving Ferguson three days to vacate the premises. The petition for eviction was not filed until December 5. The notice was posted to the premises, specifically, the main entry door. *See* TEX. PROP. CODE ANN. § 24.005(f) (West 2023) ("notice to vacate shall be given in person or by mail at the premises in question. Notice in person may be by personal delivery to the tenant or any person residing at the premises who is 16 years of age or older or *personal delivery to the premises and affixing the notice to the inside of the main entry door*") (emphasis added).

actual possession); *see also* **Briones v. Brazos Bend Villa Apartments**, 438 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (appellant's "complaint about lack of the statutory notice became moot as to the possession issue once she vacated"). And despite the opportunity to do so, Ferguson did not offer any such meritorious claim in response to Infinity's motion to dismiss. Because the writ of possession was executed, Ferguson is no longer in possession of the premises, and Ferguson has shown no potentially meritorious claim of right to actual possession of the property, we ***grant*** Infinity's motion to dismiss and we ***dismiss*** this appeal as ***moot***.

Opinion delivered August 15, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 15, 2024**

**NO. 12-24-00153-CV**

**JACK FERGUSON,**
Appellant
V.
**WACO INFINITY PROPERTIES, LTD.,**
Appellee

Appeal from the County Court at Law No. 3
of McLennan County, Texas (Tr.Ct.No. 2024-0099-CV3)

THIS CAUSE came on to be heard on the appellate record and the motion to dismiss filed by Appellee, Waco Infinity Properties, Ltd., and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed as moot**; and that this decision be certified to the court below for observance. Costs are taxed against the party incurring same.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J*