

# NUMBER 13-26-00115-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

### IN RE CONSTANCE BENAVIDES A/K/A
### CONSTANCE CHAMBERLAIN

### ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Silva, Cron, and Fonseca**
**Memorandum Opinion by Justice Fonseca**

Relator Constance Benavides a/k/a Constance Chamberlain has filed a petition for writ of mandamus alleging that respondent[1] abused his discretion, leaving relator without an adequate appellate remedy, by issuing an order on January 26, 2026, declaring her supersedeas bond untimely and authorizing the issuance of a writ of possession. Relator also requests "emergency temporary relief to stay enforcement of the writ of possession

---

[1] This original proceeding arises from trial court cause number 2025-CCL-00863 in the County Court at Law No. 3 of Cameron County, Texas, and the respondent is the Honorable David Gonzales III.

pending resolution" of this original proceeding. *See* TEX. R. APP. P. 52.10.

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding). The relator must show that: (1) the trial court abused its discretion; and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam).

According to relator's petition and the record documents attached thereto, the trial court's final judgment of eviction was signed on December 11, 2025; it signed an order setting a supersedeas bond amount on January 15, 2026; and appellant filed her supersedeas bond on January 26, 2026. The supersedeas bond was not filed within ten days of the final judgment of eviction. Therefore, the trial court did not abuse its discretion in determining that the bond was untimely when it was filed more than a month after the final judgment was entered. *See* TEX. PROP. CODE § 24.007 ("A judgment of a county court may not under any circumstances be stayed pending appeal unless, *within 10 days of the signing of the judgment*, the appellant files a supersedeas bond in an amount set by the county court." (emphasis added)); *Hernandez v. U.S. Bank Tr. N.A. for LSF8 Master Participation Tr.*, 527 S.W.3d 307, 310 (Tex. App.—El Paso 2017, no pet.) (holding, where trial court signed final judgment on September 23, 2016, but did not set supersedeas amount until fourteen days later, that supersedeas bond was untimely under § 24.007 even though appellant filed his motion to set bond amount within the ten-day period). We also note that there is nothing in the record, nor any argument, indicating that this is a matter involving premises used for residential purposes only, which is the only

exception to the prohibition against appeals concerning the issue of possession. *See* TEX. PROP. CODE § 24.007; *In re Yogurt Culture, Inc.,* No. 01-18-00678-CV, 2018 WL 4568406, at *1 (Tex. App.—Houston [1st Dist.] Sept. 25, 2018, orig. proceeding) (supp. op. on reh'g) ("A party to an eviction suit in a county court cannot use a writ of mandamus to accomplish an appeal prohibited by [§] 24.007.").

Having reviewed and fully considered relator's petition and the documents attached thereto, we conclude that relator has not met her burden to establish her entitlement to the relief sought. Accordingly, the petition for writ of mandamus is denied. *See* TEX. R. APP. P. 52.8(a). Relator's request for emergency temporary relief is denied as moot.

YSMAEL D. FONSECA
Justice

Delivered and filed on the
30th day of January, 2026.