Ralph L. LOWE, Appellant,

v.

MONSANTO CO., Beirne, Maynard &
Parsons, L.L.P., James McNerney
and Jeffrey Parsons, Appellees.

No. 08–97–00339–CV.

Court of Appeals of Texas,
El Paso.

March 19, 1998.

Before BARAJAS, C.J., and LARSEN and
CHEW, JJ.

### OPINION ON MOTION

PER CURIAM.

Pursuant to Rule 24.4 of the Texas Rules
of Appellate Procedure, Beirne, Maynard &
Parsons, L.L.P., appellee, filed a Motion to
Increase the Amount of the Deposit in Lieu
of Supersedeas Bond. We grant the motion.

### SUMMARY OF THE EVIDENCE

The evidence relevant to this inquiry is
limited. Judgment in this case was entered
on April 14, 1997. Appellee Beirne, Maynard
& Parsons, L.L.P. was awarded $738,373.08.
The award included:

1) unpaid attorneys' fees and expenses of
$134,973.23;

2) prejudgment interest at the rate of six
percent (6%) per annum from December
15, 1991 to the date of judgment of $43,-
188.73; and

3) stipulated attorneys' fees and expenses
of $560,211.12.

The judgment awarded bears interest at the
rate of 10 percent per annum compounded
annually from the date of the judgment until
fully paid. On May 7, 1997, Ralph L. Lowe
and Dixie Oil Processors, Inc. filed a cash
deposit in lieu of supersedeas and cost bonds
in the amount of $776,291. The cash deposit
included:

1) unpaid attorneys' fees and expenses of
$134,973.23;

2) prejudgment interest at the rate of six
percent (6%) per annum from December
15, 1991 to the date of judgment of $43,-
188.73;

3) stipulated attorneys' fees and expenses
of $560,211.12; [1]

4) appeal bond of $1000; and

5) post-judgment interest of apparently
$36,917.92, representing the difference be-
tween the deposited amount and the judg-
ment plus the appeal bond.

Beirne, Maynard & Parsons, L.L.P. claims
that the amount of postjudgment interest is
not sufficient to cover interest for the esti-
mated duration of the appeal. We agree.

### DISCUSSION

Because the motion to increase the deposit
in lieu of bond was filed after September 1,
1997, the new rules of appellate procedure

---

1. We note that the amount stated as stipulated
attorneys' fees and expenses is listed as $550,-
211.12. We believe this to be in error.

apply fully to the resolution of this matter.[2] Under the new rules, we have been given the authority to review the sufficiency or excessiveness of the amount of security and the trial court's exercise of discretion under Texas Rule of Appellate Procedure 24.3(a).[3] We may also remand this issue to the trial court for entry of findings of fact or for the taking of evidence.[4]

As a result of a long trial, the appellants became judgment debtors. Judgment debtors may supersede the judgment by making a deposit with the trial court clerk in lieu of a bond.[5] However, the deposit must be at least the amount of the judgment, *interest for the estimated duration of the appeal,* and costs.[6]

Difficulty arises in estimating the duration of the appeal. Previous cases indicate that an estimation of less than one year for the duration of an appeal is insufficient.[7] In the present case, simple arithmetic indicates that the amount of post-judgment interest cannot even begin to approach the ordered 10 percent per annum for one year. Nevertheless, the trial court is in the unique position of knowing the complexities of the case, the length of the trial, the length of the reporter's and clerk's record, and the possible time frame for bringing an appeal. In the present case, the briefs on the merits have yet to be filed. A motion for an extension of time to file the appellant's brief was granted on March 10, 1998. Viewing these and other similar factors in light of the mandatory language of Rule 24.2(a)(1), the trial court should be able to fashion an amount that adequately protects the appellee. Consequently, we vacate the trial court's order denying the amended Motion to Increase the Amount of the Deposit in Lieu of Supersedeas Bond. We also remand this issue to the trial court for entry of findings of fact and for the taking of evidence as to the estimated duration of the appeal and for a proper amount of post-judgment interest.[8]

### CONCLUSION

We remand the case to the trial court to hear evidence on determining the deposit amount sufficient to satisfy post-judgment interest for the duration of appeal at the statutory rate of 10 percent per annum.

---

2. *See* Tex. Supreme Court, *Supreme Court and Court of Criminal Appeals Final Approval of Revisions to the Texas Rules of Appellate Procedure,* para. 2 August 15, 1997) (final approval of revisions to the Texas Rules of Appellate Procedure). The Texas Supreme Court, in adopting the new appellate rules, expressly ordered that the new rules "apply fully to ... any proceeding initiated in an appellate court on or after that date [September 1, 1997]." We believe this motion falls within that category. We note that the comment to Tex.R.App. P. 24 states that former Rules 47, 48, and 49 are merged into the new rule. The comment also indicates that Rule 24.2 is designed to simplify the process for determining the amount of deposit.

3. Tex.R.App. P. 24.4(a)(1) & (5).

4. Tex.R.App. P. 24.4(d).

5. Tex.R.App. P. 24.1(a)(3).

6. Tex.R.App. P. 24.1(c)(2) & 24.2(a)(1) (Emphasis added).

7. *See Gullo–Haas Toyota, Inc. v. Davidson, Eagleson & Co.,* 832 S.W.2d 418, 419 (Tex.App.—Houston [1st Dist.] 1992, no writ); *Nat'l Convenience Stores, Inc. v. Martinez,* 763 S.W.2d 960, 960 (Tex.App.—Houston [1st Dist.] 1989, no writ); *Mudd v. Mudd,* 665 S.W.2d 128, 131 (Tex.App.—San Antonio 1983, orig. proceeding); *see also* Julia F. Pendery & Ken W. Good, *Chaining a Rottweiler—Miscellaneous Challenges in Supersedeas Bond Practice,* State Bar of Tex. Prof. Dev. Program, Advanced Civil Appellate Law Course U, U–2 (1997) ("While it is hard to estimate the duration of appeal, we generally add two year's post-judgment interest, because appeals are rarely finished within a year, the additional premium cost is generally nominal, and it saves the trouble of having to renew and increase the bond after the first year has passed").

8. We note that the trial court maintains continuing jurisdiction even after the trial court's plenary power expires to modify the amount of security required if circumstances change. Tex.R.App. P. 24.3.