**Motion Denied; Order filed November 10, 2014.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-14-00776-CV
_____

**KENNEDY CON., INC., Appellant**

**V.**

**GLENN W. FORMAN, JR., Appellee**

**On Appeal from the 122nd District Court**
**Galveston County, Texas**
**Trial Court Cause No. 06-CV-0959**

## ORDER

In this appeal from a final judgment signed July 15, 2014, appellee Glenn W. Forman, Jr. filed a motion to review the sufficiency of the amount of security required to suspend enforcement of the judgment. *See* Tex. R. App. P. 24.4. In the court below, in response to the motion filed by appellant Kennedy Con., Inc., on August 26, 2014, the trial court signed an order setting the amount of security at $278,806.60, representing actual damages and post-judgment interest thereon. Kennedy posted a bond in that amount on August 28, 2014, and it was approved by

the clerk the next day. In this court, Forman alleges the amount of the supersedeas bond is insufficient and the required security should be increased to $381,688.26, to include, in addition to the amount set by the trial court: (1) prejudgment interest on the compensatory damages awarded in the judgment; (2) post-judgment interest on the pre-judgment interest; and (3) post-judgment interest on the attorney's fees awarded in the judgment.

"[W]hen a judgment is for money, the amount of security must equal the sum of: (1) the amount of compensatory damages awarded in the judgment; (2) interest for the estimated duration of the appeal; and (3) costs awarded in the judgment. Tex. Civ. Prac. & Rem. Code § 52.006(a). The Supreme Court of Texas analyzed section 52.006(a) in *In re Nalle Plastics Family Limited Partnership,* 406 S.W.3d 168 (Tex. 2013). The high court held that the attorney's fees in that case were not compensatory damages or costs for purposes of suspending enforcement of a money judgment. *Id.* at 176. As to prejudgment interest, the court characterized it in another context as "compensation allowed by law as additional damages." *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 528 (Tex. 1998). For purposes of applying section 52.006, however, the court explained in *Nalle*:

> Not every amount, even if compensatory, can be considered damages. Like attorney's fees, court costs make a claimant whole, as does prejudgment interest. Yet it is clear that neither costs nor interest qualify as compensatory damages.

*In re Nalle,* 406 S.W.3d at 173.

Kennedy argued to the trial court that pre-judgment interest was not required to be included in the supersedeas amount, citing *In re Nalle.* We review the trial court's determination of the amount of security under Rule 24.4 of the Texas Rules of Appellate Procedure for an abuse of discretion. *Ramco Oil & Gas, Ltd. v. Anglo*

2

*Dutch (Tenge) L.L.C.*, 171 S.W.3d 905, 909 (Tex. App.—Houston [14th Dist.] 2005, order). Generally, the test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles or whether the trial court acted arbitrarily and unreasonably. *Id.* at 910. We conclude the trial court did not abuse its discretion in omitting prejudgment interest from the calculation of the amount of security based on the quoted pronouncement in *In re Nalle. See* 406 S.W.3d at 173. In addition, because attorney's fees and prejudgment interest were not included in the calculation of the security amount, the trial court did not abuse its discretion in failing to require the amount of security to include post-judgment interest on the attorney's fees awarded in the judgment or on the prejudgment interest.

We deny Forman's motion requesting that we order the amount of security increased.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Christopher and Busby.

Publish.

3