I would reverse the judgment of the trial court and remand the case for a new trial.

**EAGLE OIL & GAS CO. and Eagle Wes–Tex, L.P., Appellants**

v.

**SHALE EXPLORATION, LLC, Appellee**

NO. 01–15–00888–CV

Court of Appeals of Texas, Houston (1st Dist.).

Order issued May 10, 2016

Bruce W. Bowman, Jr., W. Ira Bowman, Elisaveta Dolghih, Shawn M. McCaskill, Dallas, TX, Elaine A. Carlson, The Woodlands, TX, for Appellant.

Brendan K. McBride, The McBride Law Firm, Matthew R. Pearson, Gravely & Pearson, L.L.P., San Antonio, TX, for Appellee.

Panel consists of Justices Higley, Bland, and Massengale.

## MEMORANDUM ORDER

Jane Bland, Justice

Shale Exploration, LLC moves to increase the amount of the bond required to supersede the underlying judgment in this case to $16,564,900.22. Shale contends that the trial court abused its discretion in setting the amount of the bond at $10,824,323.42. We deny the requested relief.

### I. BACKGROUND

In September 2015, the trial court entered an amended judgment against Eagle Oil & Gas Company and Eagle Wes–Tex ("Eagle"), the judgment debtors, and in favor of Shale. The amended judgment awarded Shale $20,267,216.10, consisting of "$14,300,000 in actual, compensatory damages as awarded by the jury, exemplary damages of $4,500,000.00 as found by the jury, and prejudgment interest on past actual damages totaling $1,467,216.10."

The Harris County District Clerk estimated the security required to supersede the amended judgment at $15,024,323.42. The District Clerk based its estimate on $14,300,000 in compensatory damages, $8,879.45 in court costs, plus one year of post-judgment interest at 5% totaling $715,443.97. On January 11, 2016, Eagle submitted a cash deposit in lieu of bond in the amount of $15,024,323.42 to the District Clerk.

Shale moved to increase the amount of the supersedeas bond to include the amount awarded in the amended judgment for prejudgment interest. The trial court denied Shale's motion.

Eagle then moved to decrease the bond amount, contending that the jury's award of $4,000,000 for lost profits was in the nature of a punitive award. After conducting a hearing, the trial court reduced the amount of the bond to $10,824,323.42.

Shale moves in this court for reinstatement of the $4,000,000 reduction in the bond amount plus an additional $1,467,216.10 to cover prejudgment interest.

## II. ANALYSIS

Under Texas Rule of Appellate Procedure 24.2 and Texas Civil Practices and Remedies Code section 52.006, a judgment debtor may supersede the execution of a judgment by filing sufficient security. *See* TEX. R. APP. P. 24.2; TEX. CIV. PRAC. & REM. CODE ANN. § 52.006(a) (West 2015). Both the rule and the statute provide that "when the judgment is for money, the amount of the bond, deposit, or security must equal the sum of compensatory damages awarded in the judgment, interest for the estimated duration of the appeal, and costs awarded in the judgment." TEX. R. APP. P. 24.2(a)(1); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 52.006(a) (containing similar language).

■ Upon the request of any party, a court of appeals may review the amount of security required to suspend enforcement of the judgment. *See* TEX. R. APP. P. 24.4(a)(1). We review a trial court's determination of the amount of security required under an abuse of discretion standard. *See In re Longview Energy Co.,* 464 S.W.3d 353, 358 (Tex.2015) (observing that the modern supersedeas statute and rules replaced "the simple rigidity" or earlier versions, "with trial court discretion reviewable on appeal"); *EnviroPower, L.L.C. v. Bear, Stearns & Co.,* 265 S.W.3d 1, 2 (Tex.App.—Houston [1st Dist.] 2008, pet. denied); *Ramco Oil & Gas, Ltd. v. Anglo–Dutch (Tenge) L.L.C.,* 171 S.W.3d 905, 909 (Tex.App.—Houston [14th Dist.] 2005, no pet.). In this context, a trial court abuses its discretion when it acts arbitrarily or unreasonably in light of all the circumstances of the case. *Enviropower,* 265 S.W.3d at 2.

### A. Prejudgment Interest

■ Shale first contends that the trial court abused its discretion in omitting prejudgment interest in calculating the amount of security. Texas Rule of Appellate Procedure 24.2 and Texas Civil Practices and Remedies Code section 52.006 provide that the security "must equal the sum of compensatory damages awarded in the judgment, interest for the estimated duration of the appeal, and costs awarded in the judgment." TEX. R. APP. P. 24.2(a)(1); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 52.006(a). Prejudgment interest is not listed among the categories of funds comprising the amount required to supersede a judgment. *See* TEX. R. APP. P. 24.2; TEX. CIV. PRAC. & REM. CODE ANN. § 52.006. Prejudgment interest is not an award for "compensatory damages" for purposes of determining supersedeas amount. *See Nalle Plastics Family Ltd. P'ship,* 406 S.W.3d 168, 173 (Tex.2013) ("Not every amount, even if compensatory, can be considered damages. Like attorney's fees, court costs make a claimant whole, as does prejudgment interest. Yet it is clear that neither costs nor interest qualify as compensatory damages."). Accordingly, the trial court was not required to include prejudgment interest in setting the security amount. *See Kennedy Con., Inc., v. Forman,* No. 14–14–00776–CV, 2014 WL 9883963, at *1 (Tex.App.—Houston [14th Dist.] Nov. 10, 2014, pet. denied) (holding that trial court did not abuse discretion in omitting prejudgment interest in calculating security amount and denying motion to increase supersedeas). We similarly conclude that the trial court acted within its discretion in omitting prejudgment interest in calculating the amount of security necessary to supersede the judgment.

### B. Reduction of Bond Amount

■ Shale next contends that the trial court abused its discretion by reducing the initial bond amount by $4 million. Shale observes that the jury awarded $4 million in lost profits, and the amended judgment characterizes this award as a "compensatory damages" amount. Eagle responds that the amount awarded for lost profits in this case was a punitive award for *gross* profits rather than a compensatory award for *net* lost profits; thus, the trial court acted within its discretion to reduce the amount required for the bond. In the oil and gas context, the Texas Supreme Court recently held in the context of setting a bond that a judgment that makes the "defendant liable in excess of net gains results in a punitive sanction that the law of restitution normally attempts to avoid," and therefore the judgment debtors were not required to post security for those amounts. *See Longview*, 464 S.W.3d at 360.

Liability for the lost profits in this case was predicated on the jury's affirmative response to a question regarding Eagle's breach of its duties of confidentiality and non-disclosure. Eagle directed the trial court to the record and jury charge as support for its contention that the lost profits damages question in this case inquired about gross profits that Shale would have received rather than an amount net of the costs associated with acquisition and development of the acreage that formed the basis of Shale's lost opportunity. In connection with its motion for a reduction of the bond, Eagle demonstrated that evidence in the trial related to gross receipts, not profit net of the costs incurred in obtaining it.

■ Shale does not dispute that evidence for purposes of this motion, but observes that a challenge to the amount of the damages awarded by the jury is an argument for the appeal, and not the set-ting of the appeal bond. It contends that the trial court erred in going behind the amended judgment's characterization of the $4 million in lost profits damages as compensatory. The Texas Supreme Court, however, has rejected the idea that the judgment is the definitive descriptor when it comes to characterizing damages for posting a supersedeas bond. *Id.* Rather, when the characterization of an amount as "compensatory" is challenged by the judgment debtor in the context of determining the bond amount, then the judgment creditor must respond beyond the characterization of the award in the judgment. *See id.* (noting, for purposes of setting a bond, that "[w]e cannot conclude that the award is compensatory when it cannot be explained"). When contested, it is within the trial court's discretion to re-characterize the amount. *See id.*

The limited record before us contains sufficient evidence for the trial court to have acted within its discretion in determining that, for purposes of determining the amount of the supersedeas bond, the amount awarded for lost profits was a gross amount based on a disgorgement theory and not compensatory damages. *See id.* (observing that equitable disgorgement "is compensatory in the same sense attorney fees, interest, and costs are, but it is not damages" for the purposes of setting a bond amount). Accordingly, we hold that the trial court did not abuse its discretion in reducing the bond amount. In affirming the trial court's order, we express no opinion on the ultimate characterization of the damages in this case after full appellate review.

## III. CONCLUSION

Shale Exploration, LLC's motions to increase the amount of the bond required to

supersede the trial court's judgment are denied.