In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00278-CV**
_____

**BBX OPERATING, LLC, Appellant**

**V.**

**AMERICAN FLUORITE, INC., GEOSOUTHERN ENERGY PARTNERS, LP, AND GEOSOUTHERN ENERGY CORP., Appellees**

**On Appeal from the 1st District Court**
**Jasper County, Texas**
**Trial Cause No. 35155**

**ORDER**

The appellant, BBX Operating, LLC, filed a motion to review the amount ordered by the trial court to supersede the judgment on appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 52.006(d); Tex. R. App. P. 24.4(a)(1). The trial court ordered the appellant to provide security in the amount of $3,053,995.18, including $2,429,547.65 in garnished funds and $624,447.53 in additional security. BBX

1

contends the trial court abused its discretion by ordering BBX to post appellate security that included $261,548.32 in prejudgment interest.

A judgment debtor may supersede a judgment for money by posting security in an amount equal to the sum of compensatory damages awarded in the judgment, interest for the estimated duration of the appeal, and costs awarded in the judgment. *See* Tex. Civ. Prac. & Rem. Code Ann. § 52.006(a); Tex. R. App. P. 24.2(a)(1). "Not every amount, even if compensatory, can be considered damages." *In re Nalle Plastics Family Ltd. P'ship*, 406 S.W.3d 168, 173 (Tex. 2013). Because it is not compensatory damages, prejudgment interest should not be included in the amount of security required to supersede the judgment. *See Kennedy Con., Inc., v. Forman*, 493 S.W.3d 103, 105 (Tex. App.—Houston [14th Dist.] 2014, mand. denied) (holding that trial court did not abuse discretion in omitting prejudgment interest in calculating amount required to supersede judgment).

We hold the trial court erred by requiring the appellant to provide security for $261.548.32 in prejudgment interest. We reverse in part the trial court's supersedeas order, decrease the total security amount to $2,792,446.86, and set the amount of additional security to supersede the trial court's final judgment at $362,899.21. *See* Tex. R. App. P. 24.4(d) (authorizing an appellate court to increase or decrease the amount of a bond or to require other changes in the trial court's order). Other than

2

the amount of security ordered, we affirm the remaining provisions of the trial court's order. We suspend the appellees' right to enforce the trial court's judgment for twenty days from the date of this Court's order to allow appellant to post the security we have ordered. *See* Tex. R. App. P. 24.4(e).

ORDER ENTERED December 12, 2019.

PER CURIAM

Before Kreger, Horton, and Johnson, JJ.