

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| U.S. BANK TRUST, N.A., as Trustee for LSF8 MASTER PARTICIPATION TRUST, | § | No. 08-20-00101-CV |
| | § | |
| | § | Appeal from the |
| Appellant, | § | County Court at Law No. 7 |
| v. | § | of El Paso County, Texas |
| THE FREEDOM INDEED FOUNDATION, INC. | § | (TC# 2017-CCV00586) |
| | § | |
| Appellee. | § | |

## OPINION ON ORDER

The Freedom Indeed Foundation, Inc., Appellee (the Foundation), has filed a motion asking us to review the trial court's supersedeas order and require Appellant, the U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust (the Bank), to pay a higher unspecified amount in order to supersede a default judgment taken against the Bank. *See* TEX.R.APP.P. 24.4. We deny the Foundation's request for relief.

## I. BACKGROUND

This restricted appeal represents the latest chapter of extensive litigation involving the Foundation's president Alejandro Hernandez, the Bank, and other entities over a residential property located at 5139 Sterling Place in El Paso, Texas (the Property), that the Bank seized at a

1

non-judicial foreclosure in 2014. A discussion of prior proceedings surrounding the Property is necessary to place this proceeding in context.

After the initial foreclosure by the Bank, Hernandez challenged his eviction from the Property, alleging he had an oral lease with the Property's original owners that granted him the right to possession of the Property. However, after a jury trial, possession of the Property was awarded to the Bank by judgment. When Hernandez failed to properly supersede the possession judgment, the writ of execution issued and this Court dismissed Hernandez's appeal as moot. *See Hernandez v. U.S. Bank Trust, N.A.*, 527 S.W.3d 307, 309-10 (Tex.App.--El Paso 2017, no pet.) (op. on motion) (supersedeas decision) (*Hernandez I*); *Hernandez v. U.S. Bank Trust, N.A.*, No. 08-16-00290-CV, 2017 WL 1953291, at *2 (Tex.App.--El Paso May 11, 2017, no pet.) (mem. op., not designated for publication) (dismissing appeal of jury's possession verdict on mootness grounds after the judgment was executed) (*Hernandez II*); *see also Hernandez v. Sommers*, 587 S.W.3d 461, 470-72 (Tex.App.--El Paso 2019, pet. denied) (affirming plea to the jurisdiction granted in favor of constable who was sued by Hernandez and the Foundation after the constable executed the writ of possession in these proceedings) (*Hernandez IV*).

During the pendency of Hernandez's original appeal on the issue of possession, Alberto Enrique Hernandez and Reynaldo Aaron Morales bought the Property from the Bank at an online auction. Alejandro Hernandez and the Foundation subsequently sued the new owners for a writ of reentry, again alleging wrongful eviction. The county court on appeal from the justice court dismissed the case with prejudice, and we affirmed. *See Hernandez v. Hernandez*, 547 S.W.3d 898 (Tex.App.--El Paso 2018, pet. denied) (*Hernandez III*).

In the flurry of court filings made at or around the time the Property was being sold by the Bank to the new owners, the Foundation itself, acting through Hernandez, also filed a wrongful

2

eviction suit in justice court against the Bank in 2017 seeking a writ of reentry to the Property, alleging that although "Alex Hernandez and all occupants" had been named in the original forcible detainer action brought by the Bank, the Foundation individually never received notice to vacate, was not named in a forcible detainer action, and was never given an opportunity to be heard. The justice court denied this petition as well, and the Foundation appealed to County Court at Law No. 7 on April 6, 2017.

Activity in the Foundation's writ of reentry action went dormant until October 24, 2019, when the Foundation moved for a default judgment, which set off the latest round of litigation at issue in this appeal. The motion for default judgment sought $195,200 in damages resulting from unlawful lockout, $16,536.93 in attorney's fees, $5,000 in the event of an appeal to the Court of Appeals, and $3,500 in the event of an appeal to the Texas Supreme Court, along with all costs of court. Following a default hearing which the Bank did not attend, the county court issued a default judgment against the Bank on December 18, 2019 for:

- $16,536.93 in attorney's fees, with $5,000 awarded in the event of an appeal to the court of appeals and $3,500 awarded in the event of an appeal to the Texas Supreme Court.

- "[D]amages in the sum of $195,200" with an interest rate of 5% per annum from April 6, 2017 in prejudgment interest and 5% interest in post-judgment interest.

- All costs of court.

On April 16, 2020, the Bank filed a notice of restricted appeal, contending that it did not receive any notice of this default judgment and that the default judgment was taken under false pretenses.[1] On June 17, 2020, the trial court permitted the Bank to supersede the default judgment

---

[1] In addition to filing this restricted appeal challenging the default judgment based on errors apparent from the face of the record, the Bank represents that it has also filed a parallel bill of review proceeding challenging the default judgment for errors that are not apparent from the face of the record, namely, the existence of a settlement agreement that purportedly resolved the dispute between Hernandez, the Foundation, the Bank, and other parties and released

by posting a bond, deposit, or security into the registry of the court in the amount of $1,000, at which point a writ of supersedeas suspending execution of the default judgment issued.

On September 18, 2020, after this appeal was fully briefed on the merits, the Foundation filed a motion to review the supersedeas bond under TEX.R.APP.P. 24.4.[2] The Bank has filed a response. We address only the narrow issue of supersedeas in this order.

## II. DISCUSSION

Rule 24.2 of the Texas Rules of Appellate Procedure sets the amount of bond, deposit, or security required to suspend a judgment pending appeal. When the judgment is for money, the amount of the bond, deposit, or security must equal the sum of compensatory damages awarded in the judgment, interest for the estimated duration of the appeal, and costs awarded in the judgment. TEX.R.APP.P. 24.2(a)(1). The amount must not exceed the lesser of 50% of the judgment debtor's current net worth, or $25 million. *Id.* After calculating the security amount, the trial court must lower the amount of security to an amount that will not cause the judgment debtor substantial economic harm if, after notice to all parties and a hearing, the court finds that posting a bond, deposit, or security in the amount required is likely to cause the judgment debtor substantial economic harm. TEX.R.APP.P. 24.2(b). For purposes of supersedeas, compensatory damages do

---

any and all claims held by Hernandez and the Foundation. The Bank has attached a copy of the purported settlement agreement to its supersedeas response as Tab 3. Among other reasons, the Bank asks us to affirm the trial court's supersedeas decision based on its assertion that the settlement agreement means the Foundation's claims are worth zero dollars. We withhold judgment on this claim because we can resolve this motion on another ground.

[2] During the pendency of this appeal, Alejandro Hernandez, acting pro se, attempted to file a motion to review the sufficiency of the supersedeas bond set by the trial court on behalf of the Foundation. On June 24, 2020, we struck Hernandez's pleading based on the fact that (1) the Foundation was represented by counsel, who had not withdrawn from representation of the Foundation, and (2) Hernandez could not file pro se pleadings on behalf of the Foundation in his capacity as the Foundation's president because the Foundation was a corporation that needed to be represented by a licensed attorney on appeal, and Hernandez is not a licensed attorney. *See Moore v. Elektro-Mobil Technik GmbH*, 874 S.W.2d 324, 327 (Tex.App.--El Paso 1994, writ denied) (corporation must be represented in Texas courts by an attorney); *see also S & B Consulting Grp., LLC v. Dietzman*, No. 02-14-00165-CV, 2014 2922311, at *1 (Tex.App.--Fort Worth June 26, 2014, no pet.) (mem. op., not designated for publication) (corporation "may not appear in court through its officers who are not attorneys").

not include attorney's fees. *In re Corral-Lerma*, 451 S.W.3d 385, 386 (Tex. 2014).

"Rule 24.4 authorizes appellate courts to engage in a limited supersedeas review, specifically to review (1) the sufficiency or excessiveness of the amount of security, (2) the sureties on a bond, (3) the type of security, (4) the determination whether to permit suspension of enforcement, and (5) the trial court's exercise of discretion in ordering the amount and type of security." *AME & FE Invs., Ltd. v. NEC Networks, LLC*, 582 S.W.3d 294, 297 (Tex.App.--San Antonio 2017) (op. on motion). "After completing this limited review, we may require that the amount of a bond be increased or decreased and that another bond be provided and approved by the trial court clerk." *Id*. "We may also require other changes in the trial court order and remand for entry of findings of fact or for the taking of evidence." *Id*. We review the trial court's decision on supersedeas for abuse of discretion. *Hernandez I*, 527 S.W.3d at 309.

This motion concerns the sufficiency of the amount of security. The Foundation contends that the trial court failed to properly analyze the supersedeas issue under TEX.R.APP.P. 24.2(a)(1) because it ordered a $1,000 bond on a damages award of $195,200 when Rule 24.2 requires the trial court to start with the amount of compensatory damages and costs as the preliminary amount for a bond and then reduce the amount only if the appellant shows that it would suffer substantial economic harm. *In re Nalle Plastics Family Ltd. P'ship*, 406 S.W.3d 168, 170 (Tex. 2013). The Foundation asserts that because the Bank did not offer any evidence that a bond in the amount set by Rule 24.2(a)(1) would cause the Bank substantial economic harm, the amount of security should be higher.

The Bank counters that contrary to the Foundation's assertions in its motion, the amount of compensatory damages cannot be readily determined from the face of the judgment because the judgment itself fails to segregate out compensatory damages from non-compensatory damages.

5

Instead, all damages awards are presented as a lump sum amount that lacks description other than "damages." As such, the Bank asserts that the Foundation cannot establish an abuse of discretion here because the Foundation has not definitively established the amount of compensatory damages necessary to calculate a supersedeas bond. We agree.

In determining whether a damages award is compensatory for purposes of calculating the supersedeas bond, we first look to how the award is characterized in the judgment, though the judgment is not necessarily the "definitive descriptor when it comes to characterizing damages for posting a supersedeas bond." *Eagle Oil & Gas Co. v. Shale Exploration, LLC*, 510 S.W.3d 92, 95 (Tex.App.--Houston [1st Dist.] 2016) (mem. order). Our sister court has treated characterizations of the damages award in the judgment as being presumptively correct, but "when the characterization of an amount as 'compensatory' is challenged by the judgment debtor in the context of determining the bond amount, then the judgment creditor must respond beyond the characterization of the award in the judgment." *Id*. "When contested, it is within the trial court's discretion to re-characterize the amount." *Id*.

Here, the Bank has correctly identified the main flaw in the Foundation's argument: the judgment itself does not characterize the damages award as being compensatory or non-compensatory. While the Foundation takes it as obvious that the $195,200 in damages is compensatory, the judgment on its face does not say one way or another whether this amount does, in fact, represent a compensatory award. It is silent on that point.

The Foundation, as the movant in this Court asking for relief, bears the burden of providing a record upon which we can make a decision and arguments in support of its position. The judgment does not characterize the damages award on its face. The record here only contains the order setting the supersedeas bond; it does not contain any of the filings or transcripts made related

6

to the supersedeas proceedings and what was apparently a contested hearing. The Foundation also has not explained how, under the circumstances, we can determine that the entire amount of an unsegregated damages award in a default judgment represents an award of compensatory damages. Absent a definitive characterization of the nature of the award from the face of the judgment, further evidence, or a more adequate explanation from the Foundation on the issue of compensatory damages, we cannot under these circumstances definitively say that the trial court abused its discretion by not setting the supersedeas bond higher than $1,000.[3]

## III. CONCLUSION

"We cannot conclude that the award is compensatory when it cannot be explained." *In re Longview Energy Co.*, 464 S.W.3d 353, 360 (Tex. 2015). Here, the Foundation has not established that the award in the default judgment is compensatory by sufficient evidence or argument. The motion to reset the amount of the supersedeas bond is denied.

PER CURIAM

October 7, 2020

Before Alley, C.J., Rodriguez, and Palafox, JJ.

---

[3] The Foundation also argues that if the $195,200 damages award in the judgment is interpreted to be a compensatory award, the Bank challenged the characterization of that award in the trial court when it moved to supersede the judgment. *See id.* That challenge shifted the burden back to the Foundation to show that the $195,200 in damages awarded in the default judgment were compensatory damages. *Id*. We reserve judgment on that question because the record here contains only the order setting the supersedeas bond and not the motion filed by the Foundation to set the bond.