

# NUMBER 13-22-00029-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

FRANK AHLGREN III AND
THE COPERNICAN, LLC,                                              Appellants,

v.

FRANK AHLGREN JR. AND
ELISE LEAKE, AS CO-TRUSTEES
OF THE AHLGREN MANAGEMENT
TRUST,                                                           Appellees.

On appeal from the 261st District Court
of Travis County, Texas.

# MEMORANDUM OPINION ON
# ORDER REVIEWING SUPERSEDEAS

Before Justices Longoria, Hinojosa, and Silva
Memorandum Opinion by Justice Hinojosa

Appellants Frank Ahlgren III (Paco)[1] and The Copernican, LLC have appealed a judgment in favor of appellees Frank Ahlgren Jr. (Nim) and Elisa Leake, in their capacity as co-trustees of the Ahlgren Management Trust. Before the Court is appellants' motion to modify the trial court's supersedeas order.[2] *See* TEX. R. APP. P. 24.4. We grant the motion in part.

## I.     BACKGROUND

Appellees sued appellants for various causes of action, alleging that Paco and his company The Copernican "absconded" with assets that were held in trust for the benefit of Paco's father Nim. Appellees alleged that Paco commingled the trust assets with his own and that Paco "accumulated substantial wealth, mainly through purchases of cryptocurrency[3] made possible by Nim's contributions . . . ." Appellees claimed that Paco breached his fiduciary duty when he refused Nim's request to return his share of the assets in October of 2019.

The case proceeded to trial, and a jury found in favor of appellees on their claims for breach of trust, breach of informal fiduciary duty, and unjust enrichment. The jury found that Paco used trust funds to acquire the following assets: (1) Bitcoin; (2) a Park City, Utah property; (3) an Austin, Texas property; and (4) gold. The jury found that Paco

---

[1] To distinguish between the Ahlgren parties, who are father and son, we will refer to each by their preferred names as set out in the parties' filings.

[2] This cause is before the Court on transfer from the Third Court of Appeals in Austin pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

[3] "A cryptocurrency, crypto-currency, or crypto is a digital currency designed to work as a medium of exchange through a computer network that is not reliant on any central authority, such as a government or bank, to uphold or maintain it." *Cryptocurrency*, WIKIPEDIA, https://en.wikipedia.org/wiki/Cryptocurrency (last visited Apr. 8, 2022). "Bitcoin, first released as open-source software in 2009, is the first decentralized cryptocurrency." *Id.*

2

obtained fifty percent of the foregoing assets with his own funds. It found that the value of Nim's share of the assets at the time of Paco's breach was as follows: (1) $9,074,390[4] in Bitcoin; (2) $1,900,000 for the Park City property; and (3) $375,000 for the Austin property. The jury was not asked to value Nim's interest in gold. Finally, the jury found that Paco earned a $29,329,378 profit resulting from his breach.

Appellees filed a motion for entry of judgment, electing to recover on its breach of trust claim. They requested monetary damages in the amount of $29,329,378 as well as a constructive trust awarding a fifty percent interest in the aforementioned assets. Appellees asserted that its request for money damages represented Paco's "ill-gotten gains/profit in breach of his fiduciary duties." Appellees further requested a permanent injunction to prevent the dissipation of assets that would be subject to the constructive trust.

The trial court signed a final judgment awarding $29,329,378 in damages and a constructive trust over the following property: (1) 1,079 Bitcoins (fifty percent of the 2,158 Bitcoins held by Paco); (2) a fifty percent interest in the Park City property; (3) a fifty percent interest in the Austin property; and (4) a fifty percent interest in gold held by Paco. The final judgment contains a detailed calculation of the jury's finding that Paco profited $29,329,378 from his breach. It explains that the amount is based on the appreciation in Bitcoin from the time of Paco's breach to the date of trial. In particular, the value of a single Bitcoin increased by $27,182 during this period. As explained in the judgment, the jury's profit calculation represents this appreciation multiplied by 1,079—the number of

---

[4] As we discuss later, the value of Bitcoin appreciated considerably between the time of Paco's breach and the commencement of trial.

Bitcoins that the jury determined belonged to Paco.

The final judgment included a permanent injunction restraining appellants from "selling, transferring, or encumbering" the constructive trust assets. It also restrained appellants from:

> selling, transferring, or encumbering any cryptocurrency, including [B]itcoin, (i) under the direct or indirect control or ownership of [appellants] as of the date of this judgment (including the proceeds of any such cryptocurrency . . .) or (ii) received from [appellants] after March 13, 2020 [the date appellees filed suit], except as provided in Paragraph 5 [of the permanent injunction.]

Paragraph 5 of the permanent injunction permits appellants to sell cryptocurrency under certain circumstances, conditioned upon appellees' prior written consent and that the sale be "for fair market value in an arm's length transaction" with half of the proceeds to be deposited in the registry of the trial court or at appellees' direction.

After appellees engaged in efforts to collect on the judgment, appellants filed an emergency motion to set security for strictly the monetary portion of the judgment. In their motion, appellants maintained that the $29,329,378 award was not compensatory damages and that they need only post security in the amount of court costs. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 52.006(a) (limiting the amount to supersede a money judgment to compensatory damages, post-judgment interest, and costs); TEX. R. APP. P. 24.2(a)(1) (same). Appellees responded to the motion, requesting that the trial court set security for the monetary award at the maximum amount of $25,000,000. Appellees filed a counter motion requesting the trial court to set separate security of $45,504,235.40[5] to

---

[5] This amount represents the value of the 1,079 Bitcoins awarded to appellees as measured at the commencement of trial.

4

collectively supersede the constructive trust and permanent injunction parts of the judgment. Appellees also requested that the trial court enter a post-judgment injunction, maintaining that appellants were likely to transfer or dissipate assets to avoid satisfaction of the judgment. Appellees cited evidence that Paco previously sold large quantities of Bitcoin in violation of the trial court's earlier temporary injunction and that he has engaged in efforts to conceal his Bitcoin transactions.

The trial court signed an order setting the amount of security as follows: (1) $25,000,000 for the monetary award; and (2) $45,504,235.40 for the constructive trust and permanent injunction collectively. The trial court found that "allowing [appellants] to supersede only the monetary portion of the final judgment without also superseding the constructive trust and injunctive portions of the final judgment as set forth herein will not adequately protect [appellees] from any loss or damage that the appeal might cause." Thus, the trial court ordered "that the district clerk shall not accept any security attempting to supersede the monetary portion of the final judgment in an amount less than set forth herein unless security is also posted for the constructive trust . . . and the injunctive portion of the final judgment." The trial court ordered that if appellants were to post security for $45,504,235.40, that such security "shall be sufficient to satisfy . . . the monetary portion of the judgment." The trial court issued the following post-judgment injunction:

> [Appellants] are ENJOINED from dissipating or transferring assets subject to the constructive trust and/or permanent injunction without the prior written consent of [appellees] until such time as the security set forth herein has been posted in full or the judgment has been fully satisfied; provided, however, that neither this post-judgment injunction nor the constructive trust or permanent injunction in the final judgment prevents [appellees] from

5

satisfying all or part of the final judgment through execution, turnover, or other means in accordance with applicable law, including but not limited to execution on the Park City [p]roperty.

Subsequently, appellants filed with this Court an emergency motion for temporary relief seeking to stay enforcement of the judgment until which time we could review the trial court's supersedeas order. After receiving a response from appellees, we granted the motion in part, temporarily staying execution or enforcement of the judgment pending further order of this Court. *See* TEX. R. APP. P. 24.4(c).

In their motion to review the trial court's supersedeas order, appellants argue: (1) the trial court set the wrong amount of security for the monetary award; (2) the trial court failed to properly apply Texas Rule of Appellate Procedure 24.2(a) in setting the amount of security for the constructive trust and permanent injunction; and (3) the post-judgment injunction should be vacated or modified. Appellees filed a response, generally contending that the trial court did not abuse its discretion in setting security as it did.

## II.   DISCUSSION

### A.    Standard of Review & Applicable Law

A judgment debtor is entitled to supersede and defer payment of the judgment while pursuing an appeal. *Miga v. Jensen*, 299 S.W.3d 98, 100 (Tex. 2009). Texas Rule of Appellate Procedure 24.4 authorizes an appellate court to engage in a limited supersedeas review. *See* TEX. R. APP. P. 24.4. On any party's motion, we may review: (1) the sufficiency or excessiveness of the amount of security, (2) the sureties on a bond, (3) the type of security, (4) the determination whether to permit suspension of enforcement, and (5) the trial court's exercise of discretion in ordering the amount and

type of security. *See id.* R. 24.4(a). We may require that the amount of a bond be increased or decreased and that another bond be provided and approved by the trial court clerk. *See id.* R. 24.4(d). We may also require other changes in the trial court's order and remand for entry of findings of fact or for the taking of evidence. *See id.*

We review trial court's supersedeas ruling using an abuse of discretion standard. *See EnviroPower, L.L.C. v. Bear, Stearns & Co.*, 265 S.W.3d 1, 2 (Tex. App.—Houston [1st Dist.] 2008, pet. denied). A trial court "abuses its discretion when it renders an arbitrary and unreasonable decision lacking support in the facts or circumstances of the case," or "when it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles." *Samlowski v. Wooten*, 332 S.W.3d 404, 410 (Tex. 2011).

Rule 24.1 provides that a judgment debtor may supersede the judgment by filing a "good and sufficient bond" or "making a deposit with the trial court clerk in lieu of a bond"—the amount of which is determined by Rule 24.2. TEX. R. APP. P. 24.1(a), (b). Under Rule 24.2, the amount of the bond depends on the type of judgment, which could either be a recovery of money, interest in property, or "something other than money or an interest in property." *Id.* R. 24.2(a)(1)–(a)(3). Rule 24.2 also permits the trial court to "enjoin the judgment debtor from dissipating or transferring assets to avoid satisfaction of the judgment." *Id.* R. 24.2(d). However, "the trial court may not make any order that interferes with the judgment debtor's use, transfer, conveyance, or dissipation of assets in the normal course of business." *Id.*

## B.    Monetary Award

Appellants argue that the trial court abused its discretion in setting the amount of

7

security for the monetary award at $25 million because the award constituted an equitable remedy and was not for compensatory damages. Accordingly, appellants maintain they are entitled to supersede the monetary award by posting security for costs.

"When the judgment is for money, the amount of the bond, deposit, or security must equal the sum of compensatory damages awarded in the judgment, interest for the estimated duration of the appeal, and costs awarded in the judgment." *Id.* R. 24.2(a)(1); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 52.006(a). "[T]he [security] amount must not exceed the lesser of: (A) 50 percent of the judgment debtor's current net worth; or (B) 25 million dollars." TEX. R. APP. P. 24.2(a)(1); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 52.006(b). In other words, with respect to money judgments, a judgment debtor is only required to post security for compensatory damages, interest, and costs. *In re Longview Energy Co.*, 464 S.W.3d 353, 358 (Tex. 2015) (orig. proceeding). "Compensatory damages" include damages intended to compensate a claimant for an "actual economic or pecuniary loss." *Imagine Auto. Grp., Inc. v. Boardwalk Motor Cars, LLC*, 356 S.W.3d 716, 718 (Tex. App.—Dallas 2011, no pet.) (quoting BLACK'S LAW DICTIONARY 416 (8th ed. 2007)); *cf.* TEX. CIV. PRAC. & REM. CODE ANN. § 41.001(4) (under Chapter 41, compensatory damages include "damages intended to compensate a claimant for actual economic or pecuniary loss"). The judgment's description of damages is not definitive as to the type of damages awarded. *Eagle Oil & Gas Co. v. Shale Expl., LLC*, 510 S.W.3d 92, 95 (Tex. App.—Houston [1st Dist.] 2016, no pet.). "Rather, when the characterization of an amount as 'compensatory' is challenged by the judgment debtor in the context of determining the bond amount, then the judgment creditor must respond beyond the

characterization of the award in the judgment." *Id*.

Here, the judgment awards appellees $29,329,378, which corresponds to the jury's finding that Paco profited in this amount as a result of his breach of duty as trustee. The final judgment meticulously recreates the jury's profit calculation, explaining that the amount represents the appreciation in Paco's fifty percent share of Bitcoin from the date of his breach to the commencement of trial. By virtue of the constructive trust awarding the remaining fifty percent interest in the Bitcoin, appellees realized the same appreciation in value. In other words, the final judgment awards appellees fifty percent of the disputed Bitcoin holdings plus the appreciation in value of Paco's fifty percent interest.

We conclude that the monetary award constitutes the equitable remedy of profit disgorgement. This classification tracks the judgment's explanation of the award, appellees' pleadings which sought "profit disgorgement," and appellees' representation to the trial court that the award represented Paco's "ill-gotten gains/profit in breach of his fiduciary duties." "Disgorgement is an equitable forfeiture of benefits wrongfully obtained . . . ." *Longview Energy*, 464 S.W.3d at 361. Such a remedy is available where, as here, "a person who renders service to another in a relationship of trust . . . breaches that trust." *Id.* (quoting *Burrow v. Arce*, 997 S.W.2d 229, 237 (Tex. 1999)). "[E]quitable forfeiture 'is not mainly compensatory . . . nor is it mainly punitive' and 'cannot . . . be measured by . . . actual damages.'" *Id.* (quoting *Burrow*, 997 S.W.2d at 240). "The main purpose of forfeiture is not to compensate an injured principal, . . . [it] is to protect relationships of trust by discouraging agents' disloyalty." *Burrow*, 997 S.W.2d at 238.[6]

---

[6] We disagree with appellees that the availability of profit disgorgement as a statutory remedy under the Texas Trust Code changes the nature of the award to compensatory damages. *See* TEX. PROP.

Because the monetary award does not constitute compensatory damages, appellants are not required to post security for that amount. *See Longview Energy*, 464 S.W.3d at 361 (concluding that judgment debtor was not required to post security for profit disgorgement awarded in final judgment). Rather, to supersede this portion of the judgment, appellants are only required to post security in the amount of costs awarded in the judgment. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 52.006(a); TEX. R. APP. P. 24.2(a)(1). Therefore, we conclude the trial court abused its discretion by requiring $25,000,000 as security for the monetary award. *See EnviroPower*, 265 S.W.3d at 2.

We also note that the trial court's order appears to make superseding of the monetary award contingent upon appellants superseding other parts of the judgment. The trial court's order requires appellants "to supersede the monetary relief, the constructive trust, and the injunctive relief" if they "wish to supersede the final judgment."

In 2003, the Texas Legislature enacted § 52.006 of the civil practice and remedies code, which explicitly entitles a judgment debtor to supersede a money judgment, requiring security only for compensatory damages, interest, and costs. TEX. CIV. PRAC. & REM. CODE ANN. § 52.006 ("Amount of Security for Money Judgment"). The Texas Supreme Court then amended Rule 24.2 of the rules of appellate procedure to track the new statute, while also providing the means to supersede other types of awards. *See Longview Energy*, 464 S.W.3d at 359 ("We amended Rule 24.2 . . . to track [§] 52.006[.]"). Read together, § 52.006 and Rule 24.2 permit a judgment debtor to separately supersede the monetary portion of the judgment and impose a maximum amount for that security.

---

CODE. ANN. § 114.001 (addressing liability of trustee to beneficiary for breach of trust).

10

*See* Tex. Civ. Prac. & Rem. Code Ann. § 52.006(a); Tex. R. App. P. 24.2(a)(1)–(3); *Longview Energy*, 464 S.W.3d at 362 (holding that the defendant was "entitled to supersede the money award in the judgment"); *see also Mathis v. Benavides*, 511 S.W.3d 294, 297 (Tex. App.—San Antonio 2016, order) ("A judgment debtor is entitled to supersede a money judgment."); *Kanan v. Plantation Homeowner's Ass'n, Inc.*, No. 13-11-00282-CV, 2012 WL 593067, at *3 (Tex. App.—Corpus Christi–Edinburg Feb. 21, 2012, order) (mem. op.) (discussing the varying security requirements under Rule 24.2). Therefore, we conclude that the trial court abused its discretion in conditioning the suspension of the monetary award on appellants' posting of security for other portions of the judgment. *See EnviroPower*, 265 S.W.3d at 2.

## C.    Constructive Trust

We next address appellants' challenge to the security required for the constructive trust portion of the judgment. Here, the constructive trust awards appellees an interest in both real property (real estate) and personal property (Bitcoin and gold). Appellants argue that the trial court erred in not requiring a separate security amount for each portion of the constructive trust. We disagree.

Texas Rule of Appellate Procedure 24.2(a)(2) provides:

> When the judgment is for the recovery of an interest in real or personal property, the trial court will determine the type of security that the judgment debtor must post. The amount of that security must be at least:
>
> > (A)    the value of the property interest's rent or revenue, if the property interest is real; or
> >
> > (B)    the value of the property interest on the date when the court rendered judgment, if the property interest is personal.

Tex. R. App. P. 24.2(a)(2). Unlike the provisions governing security for money judgments,

11

Rule 24.2(a)(2) provides the trial court with considerable discretion to determine the amount and "the type of security that the judgment debtor must post." *Id.* In further contrast, the Rule sets no ceiling on the amount of security that the trial court can require. *See id.* Rather, the Rule sets a floor, which is determined by the nature of the property interest. *See id.*; *see also In re Port Isabel Logistical Offshore Terminal, Inc.*, No. 13-21-00368-CV, 2022 WL 709472, at *14 (Tex. App.—Corpus Christi–Edinburg Mar. 10, 2022, no pet. h.) (combined app. & orig. proceeding) ("The rule states that the amount of security must be 'at least' the property's value but it does not, explicitly or implicitly, restrict the trial court from ordering security in excess of that amount."). Here, the record establishes that, among the constructive trust assets, the Bitcoin holdings were the most valuable. Appellees suggested to the trial court that the value of appellees' interest in Bitcoin at the time of trial—$45,504,235.40[7]—would be adequate security for the entirety of the constructive trust. Thus, this amount served as a floor for the amount of security required. While the trial court could have required more security, it could not have required less. Further, appellants cite no authority, nor have we found any, requiring the trial court to set separate security amounts for each part of a constructive trust. *See* TEX. R. APP. P. 38.1(i). Therefore, we conclude that the trial court did not abuse its discretion in setting the amount of security based on the value of appellees' interest in Bitcoin. *See EnviroPower*, 265 S.W.3d at 2.

### D.    Permanent Injunction

Next, appellants argue that the trial court's order erroneously prohibits appellants

---

[7] Appellants do not dispute this valuation.

12

from superseding the permanent injunction without requiring appellees to post countersecurity. The amount of security required to suspend an injunction is governed by Texas Rule of Appellate Procedure 24.2(a)(3), which provides:

> When the judgment is for something other than money or an interest in property, the trial court must set the amount and type of security that the judgment debtor must post. The security must adequately protect the judgment creditor against loss or damage that the appeal might cause. But the trial court may decline to permit the judgment to be superseded if the judgment creditor posts security ordered by the trial court in an amount and type that will secure the judgment debtor against any loss or damage caused by the relief granted the judgment creditor if an appellate court determines, on final disposition, that that relief was improper.

TEX. R. APP. P. 24.2(a)(3). We reject appellants' contention that the trial court prohibited them from superseding the permanent injunction. Rather, the trial court merely tied the amount of security for the permanent injunction to the amount required for the constructive trust. The trial court found that this amount would "act as an adequate security for the injunctive relief granted in the final judgment" and would "adequately protect [appellees] in respect to the loss or damage an appeal might cause."

We also disagree with appellants' argument that the trial court was prohibited from setting an amount of security to collectively supersede the constructive trust and permanent injunction. Rule 24.2(a)(3) again affords the trial court broad discretion to "set the amount and type of security that the judgment debtor must post." *Id.* The permanent injunction restrained appellants from "selling, transferring, or encumbering" the constructive trust assets as well as other cryptocurrency held by Paco that were not awarded to appellees. Given the broad scope of the permanent injunction and the value of the assets at issue, we are unable to conclude that the trial court abused its discretion

13

by requiring security of $45,504,235.40 to collectively supersede the permanent injunction and constructive trust. *See EnviroPower*, 265 S.W.3d at 2. Accordingly, we deny appellants' challenge to this portion of the trial court's supersedeas order.

## E.     Post-Judgment Injunction

Finally, appellants argue that the post-judgment injunction is erroneous. "The trial court may enjoin the judgment debtor from dissipating or transferring assets to avoid satisfaction of the judgment, but the trial court may not make any order that interferes with the judgment debtor's use, transfer, conveyance, or dissipation of assets in the normal course of business." TEX. R. APP. P. 24.2(d).

Here, the post-judgment injunction prohibits appellants from "dissipating or transferring assets subject to the constructive trust and/or permanent injunction without the prior written consent of [appellees] until such time as the security set forth herein has been posted in full or the judgment has been fully satisfied[.]" Functionally, the post-judgment injunction simply incorporates the provisions of the permanent injunction. Should appellants post security for the permanent injunction, the restrictions of both the permanent injunction and the post-judgment injunction are lifted. Accordingly, we view appellants' complaints about the scope of the post-judgment injunction as a premature challenge to the merits of the permanent injunction, and we decline to reach those arguments at this time. *See* TEX. R. APP. P. 24.4; *see also BP Am. Prod. Co. v. Red Deer Res., LLC*, No. 07-14-00032-CV, 2014 WL 3419496, at *2 (Tex. App.—Amarillo July 11, 2014, order) (mem. op.) ("The merits of an appeal are not addressed through a [R]ule 24

14

review.").[8]

Next, appellants argue that the post-judgment injunction improperly permits appellees "to satisfy[] all or part of the final judgment through execution, turnover, or other means in accordance with applicable law, including but not limited to execution on the Park City [p]roperty." Appellants maintain that this language exceeds the trial court's jurisdiction because it modifies the final judgment. In particular, appellants state that this provision allows appellees to destroy appellants' fifty percent interest in the Park City property to satisfy the money award in the judgment. We agree.

A trial court retains "continuing jurisdiction to modify the amount and type of security required to . . . suspend execution of the judgment, even after the trial court's plenary power has otherwise expired." *Whitmire v. Greenridge Place Apartments*, 333 S.W.3d 255, 260 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd) (citing TEX. R. APP. P. 24.3(a); *Lowe v. Monsanto Co.*, 965 S.W.2d 741, 742 n.8 (Tex. App.—El Paso 1998, pet. denied)). However, this authority does not permit a trial court to alter or modify the final judgment. *Id.* By permitting appellees to obtain a 100% interest in the Park City property and potentially other parts of the constructive trust to satisfy the judgment's monetary award, the trial court's supersedeas order improperly modifies the judgment after the expiration of its plenary power. Therefore, we strike this provision of the supersedeas order as void. *See Malone v. Hampton*, 182 S.W.3d 465, 468 (Tex. App.—

---

[8] We further reject appellants' contention that there was insufficient evidence before the trial court to justify a post-judgment injunction. In their counter motion to set security, appellees cited to various attached exhibits as well as records on file with the trial court, from which the trial court could have determined that appellants would likely make transfers to avoid satisfaction of the judgment. *See* TEX. R. APP. P. 24.2(d). This record demonstrated that Paco engaged in several transfers of Bitcoin in violation of a prior temporary injunction by liquidating over $1.4 million in Bitcoin.

Dallas 2006, no pet.) (noting that judicial actions taken after expiration of court's plenary power are nullities, and orders signed outside the court's plenary jurisdiction are void).

### III.    CONCLUSION

We grant in part appellant's motion to review supersedeas. We order that the amount of security for the monetary portion of the judgment be set at the amount of costs awarded in the final judgment. We further order that appellants' ability to supersede the monetary portion of the judgment is not conditioned on whether appellants also supersede the other portions of the judgment. We strike as void the following language in the post-judgment injunction:

> provided, however, that neither this post-judgment injunction nor the constructive trust or permanent injunction in the final judgment prevents Plaintiff from satisfying all or part of the final judgment through execution, turnover, or other means in accordance with applicable law, including but not limited to execution on the Park City Property.

We leave undisturbed the remainder of the trial court's supersedeas order. We lift the stay previously imposed by our March 8, 2022 order. Should appellants fail to post the amended supersedeas bond twenty days after the date of this order, the judgment may be enforced. *See* TEX. R. APP. P. 24.4(e).

LETICIA HINOJOSA
Justice

Delivered and filed on the
25th day of April, 2022.

16